WILLY'S GROCERY, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 1523, Docket 80–6215.

United States Court of Appeals, Second Circuit.

Argued June 5, 1981.

Decided July 30, 1981.

Terrence G. Jackson, Office of Gen. Counsel, Washington, D. C. (Raymond W. Fullerton, Associate Gen. Counsel, U.S. Dept. of Agriculture, Washington, D. C., Richard Blumenthal, U.S. Atty. for the District of Connecticut, Hugh W. Cuthbertson, Asst. U.S. Atty., New Haven, Conn., of counsel), for defendant-appellant.

Howard T. Owens, Jr., Owens & Schine, Bridgeport, Conn., for plaintiff-appellee.

Before LUMBARD and OAKES, Circuit Judges, and LASKER,* District Judge.

OAKES, Circuit Judge:

The United States appeals from a decision of the United States District Court for the District of Connecticut, T. F. Gilroy Daly, Judge, holding that a sanction imposed by the Secretary of Agriculture against Willy's Grocery for food stamp violations was improper under the Secretary's own guidelines. We believe that the district court misread the guidelines and that they were properly applied by the Secretary.

Willy's Grocery is a small retail food store in Bridgeport, Connecticut, many of whose customers use the food stamp program. The store is essentially a family-run operation: although Mrs. Nassa Sam owns it, her husband, Mr. William Sam, opens the store every morning, usually closes it at night, is authorized to sign checks for the store, waits on customers, and purchases new inventory. Mr. Sam does not draw a salary; he simply shares in the revenue earned by the store.

In 1975 the Food and Nutrition Service of the Department of Agriculture (FNS) authorized Mrs. Sam to participate in the federal food stamp program. Food stamps are issued to qualified households and may be redeemed at approved wholesale and retail outlets for eligible food purchases. 7 U.S.C. § 2013(a); *see id.* §§ 2014, 2015. The Government pays stores that participate in the program the full face value of all stamps accepted by the store. *Id.* § 2013(a); *see id.* § 2019. The statute provides for

* Of the Southern District of New York, sitting by designation.

criminal penalties for persons knowingly misusing food stamps, *id.* § 2024, and the Secretary is authorized to disqualify stores from participation in the program for violations of the statute or regulations issued under it, *id.* § 2021. The period of disqualification is as provided by the Secretary by regulation. *Id.* Under the regulation applicable to this case, 7 C.F.R. § 272.6(a) (1978) (current version at 7 C.F.R. § 278.6(a) (1980)), a retail food store that fails to comply with the statute may be disqualified from further participation in the food stamp program for a reasonable period of time, not to exceed three years. The FNS has also issued advisory guidelines to clarify the application of the regulations in specific cases.

This case arises out of food stamp violations committed by William Sam in April 1977, specifically, accepting food stamps for purchases including ineligible non-food items, returning cash as change in amounts exceeding that allowed by regulation, and, most significantly, first buying $100 worth of food stamps at a discounted price and later buying $500 worth of food stamps for $250. William Sam ultimately pleaded guilty to one count of discounting food stamps and was sentenced to a one-year suspended sentence and placed on probation for two years. After the criminal proceeding, FNS brought an administrative disqualification action against the store, and on February 7, 1979, the FNS regional office ordered the store disqualified from participation in the food stamp program for a period of one year, a decision that was affirmed by an FNS review officer on July 31, 1979.

Willy's Grocery sought review by the district court, pursuant to 7 U.S.C. § 2023, claiming that the sanction was "arbitrary and capricious" because the violations had not been committed by the owner of the store. In a decision rendered on August 12, 1980, the district court held that the sanction was unlawful because, in the court's view, the violations could not be considered "store policy" and thus were not in accord with the FNS guidelines, specifically FNS Instruction 744–9. The district court there-

fore remanded the case to the Secretary for a redetermination of the sanction, if any, that should be imposed.

The standard of review for the imposition of a sanction is a determination whether the Secretary's action was arbitrary or capricious, *i. e.,* whether it was "unwarranted in law or without justification in fact." *Cross v. United States,* 512 F.2d 1212, 1218 (4th Cir. 1975) (en banc); *see Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1457–58, 36 L.Ed.2d 142 (1973); *Kulkin v. Bergland,* 626 F.2d 181, 184–85 (1st Cir. 1980); *Studt v. United States,* 607 F.2d 1216, 1218 (8th Cir. 1979) (per curiam); *Goodman v. United States,* 518 F.2d 505, 511–12 (5th Cir. 1975). Because we find that the agency properly applied its own regulations and guidelines to the food stamp violations committed by Willy's Grocery, we reverse.

Paragraph IV–B–1–a of FNS Instruction 744–9 provides for a one-year disqualification when the retailer, "as a matter of store policy," is engaged in the discounting of food stamp coupons for cash. And paragraph III–B–4 explains how to determine whether a food stamp violation was committed as a matter of store policy:

> The complete case record shall be analyzed to determine if violating the program was store policy. *At least one of the following factors has to be present* before violations can be considered store policy:
>
> a. Substantial participation by the owner, responsible members of his family, or the management in the violations,
>
> b. Admissions by the owner, management, or clerks that instructions were given to violate the program,
>
> c. Physical proof, such as written instructions from the owner or management, indicating that violations were permitted as store policy,
>
> d. A combination of violative evidence and previous compliance action which shows that consistent violations continued despite a reasonable attempt by FNS personnel to correct the situation by making

the owner or management aware that violations were probably occurring in the store, and

e. Any other evidence which shows that the owner or management had to be aware the violations were occurring and did nothing to stop them.

(Emphasis added.) The district court read the store policy guidelines as requiring that subsection (e) be present in each case, apparently in addition to one of the factors listed in subsections (a) through (d). We believe that this interpretation of the FNS guidelines was erroneous. Subsections (a) through (e) list five separate methods by which store policy may be found; subsection (e) is merely a catchall provision. In this case, therefore, it was not arbitrary or capricious for the Secretary to find that Willy's Grocery was engaged in discounting coupons for cash as a matter of store policy, since the factor in subsection (a) was present: there was clearly "substantial participation" in the violation by a responsible member of the owner's family, namely William Sam. Thus the FNS's action was directly pursuant to its own guidelines.

Accordingly, the judgment of the district court is reversed.