**AI HOA SUPERMARKET, INC., Plaintiff,**

v.

**UNITED STATES of America, United States Department of Agriculture, John R. Block, Secretary of Agriculture, and Food and Nutrition Service, Defendants.**

**No. 86 CIV. 4809 (PKL).**

United States District Court, S.D. New York.

April 14, 1987.

Yuen & Teschner, New York City, for plaintiff; Po W. Yuen, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendants; Edward T. Ferguson, III, of counsel.

LEISURE, District Judge:

Defendants have moved under Fed.R. Civ.P. 56 for summary judgment dismissing plaintiff's complaint, which seeks judicial review of a five-year disqualification from the Food Stamp Program. Defendants have submitted a Memorandum of Law, a Statement Pursuant to Civil Rule

3(g), and a certified copy of the Administrative Record.

Ai Hoa Supermarket, Inc. ("Ai Hoa") is a retail food store in lower Manhattan which, pursuant to authorization by the Food and Nutrition Service ("FNS") of the Department of Agriculture, participated in the Food Stamp Program from June 9, 1983 to August 1, 1986. There are four grocery stores in the area around Ai Hoa which are authorized by the FNS to accept food stamps and which carry a variety of staple foods at prices comparable to those charged by Ai Hoa. Public transportation is available in the area around Ai Hoa.

On November 15, 1983, an FNS representative visited Ai Hoa and told its president, David Wong, that the FNS was concerned that violations of Food Stamp Program regulations might be occurring at Ai Hoa, and that such violations could result in Ai Hoa's disqualification from the Food Stamp Program. By a letter to Wong dated December 14, 1983, the FNS reiterated its warning that violations of Food Stamp Program regulations could result in Ai Hoa's disqualification from the Food Stamp Program. The FNS also enclosed a copy of the regulations.

On four separate occasions during July and August 1985, an undercover FNS investigator went to Ai Hoa and purchased ineligible items with food stamps. The total number of items purchased was 47, of which 18 were ineligible items. On three of the four occasions, the ineligible items purchased included four 12–ounce cans of beer. On one of those three occasions, the person who accepted the food stamps was Wong. On none of the four occasions did the person accepting the food stamps refuse to accept them for any item. On the basis of the foregoing violations of the Food Stamp Program regulations, the FNS, by letter dated February 28, 1986, informed Wong that Ai Hoa would be disqualified from participation in the Food Stamp Program for a period of five years.

### Discussion

■ Pursuant to 7 U.S.C. § 2023, plaintiff is entitled to a trial *de novo* by the District Court, in which the Court shall determine the validity of the administrative action. *F & G Superette, Inc. v. United States Department of Agriculture*, 626 F.Supp. 1030, 1031 (E.D.N.Y.1986). *Accord Otto v. Block*, 693 F.2d 472, 473 (5th Cir.1982). In this case, plaintiff does not dispute that the violations took place as alleged. The sole issue, therefore, is whether the FNS imposition of a five-year suspension as a penalty was arbitrary or capricious. *Lawrence v. United States*, 693 F.2d 274, 276 (2d Cir.1982). To be considered arbitrary or capricious, the agency's action must have been " 'unwarranted in law or without justification in fact.' " *Willy's Grocery v. United States*, 656 F.2d 24, 26 (2d Cir.1981) (citation omitted), *cert. denied*, 454 U.S. 1148, 102 S.Ct. 1011, 71 L.Ed.2d 301 (1982). Under this standard, "[w]hen the agency's action does adhere to the guidelines ... the reviewing court may not overturn it as arbitrary and capricious." *Block*, 693 F.2d at 474. Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) ("threshold inquiry of determining whether there is the need for a trial"); *Modica v. U.S.*, 518 F.2d 374, 376 (5th Cir.1975) (summary judgment held proper in administrative review case).

■ In opposing defendant's motion, Ai Hoa contends there are two material facts in dispute that constitute genuine issues requiring a trial. *See* Plaintiff's Statement Pursuant to Civil Rule 3(g) ("Plaintiff's 3(g) Statement") at 1–2. First, plaintiff contends that the visit to Ai Hoa by an FNS representative on November 15, 1983, did not result in plaintiff being informed of the ramifications of violating food stamp regulations. *Id.* at 1. Plaintiff alleges that Wong could not have comprehended the FNS warning on November 15, 1983, because of his "very limited understanding of English." *Id.* Plaintiff has submitted no affidavits or other evidence in support of

these allegations.[1] Even if it could supply such evidence, however, plaintiff's contention regarding the November 15, 1983 meeting is "not material to the outcome of the litigation" and thus does " 'not suffice to defeat a motion for summary judgment.' " *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11–12 (2d Cir.1986) (citation omitted), *cert. denied,* — U.S. —, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). It is undisputed that by a letter to Wong dated December 14, 1983, the FNS reiterated its warning that violation of the Food Stamp regulations could result in plaintiff's disqualification from the program. Administrative Record at 42. If he did not understand the letter, Wong should have sought to obtain a translation. Accordingly, any failure to comprehend oral warnings given during the FNS representative's November 15, 1983 visit is irrelevant. *See Anderson,* 106 S.Ct. at 2510 ("irrelevant or unnecessary" factual disputes "not ... counted").

■ Second, plaintiff contends that the internal guidelines of the FNS *require* the agency automatically to impose five-year disqualifications in cases similar to this one without allowing sufficient discretion for individual differences. *See* Plaintiff's Memorandum of Law at 2–3 (citing FNS Handbook 318, Chapter 12 (the "Handbook")).[2] A review of Section 1222 of the Handbook demonstrates that plaintiff's argument is unfounded. *See, e.g.,* Handbook at 12–7 ("The circumstances *warranting* the issuance of a warning letter and the various periods of disqualification are discussed below.") (Emphasis added). Moreover, the issue in this case is not, as plaintiff contends, whether the Handbook operates to generate "an arbitrary and capricious result ... in

nearly every FNS determination of disqualification," Plaintiff's Memorandum of Law at 3, but whether plaintiff's five-year disqualification was warranted under the uncontroverted facts and the governing law, Defendant's Letter, dated November 14, 1986, in Support of Its Motion, at 2.

While the administrative guidelines governing this case are complex, *Lawrence,* 693 F.2d at 276, the imposition of a five-year disqualification against Ai Hoa "was consistent with the established policy and regulations of the Department of Agriculture." *See F & G Superette,* 626 F.Supp. at 1032. *See also Lawrence,* 693 F.2d at 277 (agency action sustained because administrative policy was written down and used "all the time and against everyone"); *Willy's Grocery,* 656 F.2d at 27 (upholding agency action which was "directly pursuant to its own guidelines").

In pertinent part, 7 U.S.C. § 2021(a) provides:

> Any approved retail food store ... may be disqualified for a specified period of time from further participation in the food stamp program ... on a finding, made as specified in the regulations, that such store ... has violated any of the provisions of this [chapter] or the regulations issued pursuant to this [chapter].

Under 7 U.S.C. § 2021(b)(1), the period of an initial disqualification may range from six months to five years, as long as it is "reasonable." *See* 7 C.F.R. § 278.6(a).

In pertinent part, 7 C.F.R. § 278.2(a) provides that food stamps "may be accepted by an authorized retail food store ... only in exchange for eligible food." "Eligible foods" are defined in 7 C.F.R. § 271.2 to include "any food or food product intended

---

1. In its opposition to defendants' motion, plaintiff has submitted only a Memorandum of Law and Plaintiff's 3(g) Statement. Ai Hoa has thus failed to comply with the requirements of Fed. R.Civ.P. 56(e) (Adverse party, "by affidavits or ... otherwise ... must set forth specific facts showing that there is a genuine issue for trial."). *See also Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Despite the lack of support for Plaintiff's 3(g) Statement, the Court has addressed plaintiff's arguments.

2. While this contention is termed a question of fact in Plaintiff's 3(g) Statement, it clearly presents an issue of law for the Court. It should be noted that plaintiff does not contend that the agency failed to follow its guidelines in this case. To the contrary, plaintiff complains of an effect allegedly produced by the agency's consistent adherence to its regulations. Plaintiff's Memorandum of Law at 2–3.

for human consumption except alcoholic beverages, tobacco, and hot foods....'' *See also* 7 U.S.C. § 2012(g)(1). In accepting food stamps for non-food items and for beer, Ai Hoa clearly violated the Food Stamp program regulations and thus ran afoul of 7 U.S.C. § 2021(a).

The provision of the regulations pursuant to which Ai Hoa was disqualified, 7 C.F.R. § 278.6(e)(2)(i), provides in relevant part that the FNS shall:

> (2) Disqualify the firm for five years if it is to be the firm's first sanction, the firm had been previously advised of the possibility that violations were occurring and of possible consequences of violating the regulations, and the evidence shows that:
>
> > (i) It is the firm's practice to sell ... alcoholic beverages in exchange for food coupons.

With respect to the kinds of evidence that should result in a 5–year disqualification, the FNS's internal guidelines essentially parallel 7 C.F.R. § 278.6(e)(2)(i), requiring that it be "the firm's practice to sell major ineligible items in exchange for food coupons." Handbook at 12–8. "Major ineligible items" are defined to include "four or more cans or bottles, of any size, of beer or malt liquor" sold in a single transaction. Handbook at 12–3 to 12–4. A firm's practice of selling major ineligible items is established by evidence of such sales in at least three separate transactions. *Id.* at 12–8.

It is thus evident that the five-year disqualification imposed on Ai Hoa was warranted under the applicable statute, 7 U.S.C. § 2021(b)(1), regulation, 7 C.F.R. § 278.6(e)(2)(i), and guideline, Handbook at 12–8. *See also* Handbook at 12–4, 12–6 (Aggravating factors include: ineligible items greater than 30% of total number purchased; absence of refusals to accept ineligible items; and participation of store management in violations). Therefore, the agency's action may not be overturned as arbitrary or capricious.[3]

**3.** In opposition to the instant motion, plaintiff has not objected to the agency's refusal to impose a civil money penalty instead of disqualification. *See* Complaint at ¶ 14. The Court notes

Accordingly, defendant's motion is granted and plaintiff's complaint is dismissed.

SO ORDERED.

that the agency's conclusions in this regard are amply supported by the record and should not be disturbed. *See* Administrative Record at 8–9, 17.