Manuel DE LA NUECES, d/b/a
Superior Grocery, Plaintiff,

v.

UNITED STATES of America, United States Department of Agriculture, and State of New York, Defendants.

No. 91 Civ. 6664 (WCC).

United States District Court,
S.D. New York.

Nov. 19, 1991.

Stuart A. Mack, New York City, for plaintiff.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, for U.S.; Manvin S. Mayell, Asst. U.S. Atty., of counsel.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for State of N.Y.; Lisa B. Raphael, Asst. Atty. Gen., of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff Manuel De La Nueces brought this action pursuant to 7 U.S.C. § 2023(a) for judicial review of the final determination of the Food and Nutrition Service ("FNS") disqualifying plaintiff's retail food store, Superior Grocery, from participation in the Food Stamp Program of the United States Department of Agriculture ("USDA"). Presently before the Court is plaintiff's motion for a preliminary injunction enjoining the federal government from enforcing Superior Grocery's disqualification pending judicial review of the administrative determination. Also before the Court is plaintiff's motion for a preliminary injunction against the State of New York requiring Superior Grocery to be reinstated to the Special Supplemental Food Program for Women, Infants and Children ("WIC Program"), administered by the state, from which he has been disqualified since February 5, 1991. For the reasons set forth below, plaintiff's preliminary injunction motions are denied.

## BACKGROUND

Manuel De La Nueces owns and operates Superior Grocery, a retail store in New York City, which participated in both the New York State Department of Health ("DOH") WIC Program and the United States Food Stamp Program operated by FNS. By letter dated January 16, 1991, DOH notified Mr. De La Nueces that Superior Grocery was being disqualified from participation in the WIC Program for three

years. Def. N.Y. State's Exh. E. Prior to his disqualification, plaintiff was sent three notification letters warning him that compliance investigations had been conducted at his store and had uncovered violations of his WIC contract and the WIC regulations. Def. N.Y. State's Exhs. B, C, and D. These three letters advised plaintiff that further compliance investigations would be conducted at the store and that plaintiff could be disqualified from the WIC Program if subsequent violations were found.

Plaintiff's January 16, 1991 disqualification letter noted six violations of Superior Grocery's WIC vendor contract and of DOH regulations, including accepting WIC food instruments from unauthorized persons and charging WIC customers more than the current shelf price of the food they were buying. Def. N.Y. State's Exh. E. That letter also warned plaintiff that "this disqualification may also result in your withdrawal from the Food Stamp program...." *Id.*

Plaintiff has been disqualified from the WIC Program since February 5, 1991. In early February, plaintiff contacted Mr. William C. Gonzalez to represent him in connection with the WIC disqualification. Mr. Gonzalez has run a business providing aid to WIC vendors for the last nine years and is fluent in both Spanish and English. Gonzalez Aff. ¶¶ 1, 4. On February 14, 1991, plaintiff, along with his representative, Mr. Gonzalez, attended a pre-hearing conference before Mr. Lang of DOH. In the course of that conference, plaintiff executed a Waiver of Hearing form, in which he agreed to waive his right to a hearing to contest his disqualification from participation in the WIC program and pay a civil penalty of three thousand dollars in exchange for a reduction in his disqualification period to two years. Def. U.S.'s Exh. D. In signing that Waiver form, Mr. De La Nueces represented: "I understand that

disqualification from the WIC program may result in the withdrawal of my food stamp program authorization by the Food and Nutrition Service of the U.S. Department of Agriculture." *Id.*

By letter dated May 14, 1991, FNS notified Mr. De La Nueces that Superior Grocery was being withdrawn from the Food Stamp Program for a period coinciding with the two-year WIC disqualification. Def. U.S.'s Exh. F. Plaintiff appealed the FNS's determination and a hearing was held before Administrative Review Officer Lana A. Manar, who sustained FNS's decision in a letter dated September 18, 1991. Pltfs. Exh. D.

Pursuant to 7 U.S.C. § 2023, plaintiff appeals the FNS's determination to this Court. Proceeding by Order to Show Cause, plaintiff seeks a preliminary injunction enjoining the federal government from enforcing plaintiff's disqualification from the Food Stamp Program, and requiring New York State to reinstate plaintiff to the WIC program. He argues that, although he was represented by a Spanish speaking advisor when he signed the Waiver of Hearing form, he did not execute it knowingly and voluntarily, with a complete understanding of its terms. Moreover, he contends that the FNS acted in excess of its statutory and constitutional authority in disqualifying plaintiff on the basis of the State Order.

## DISCUSSION

To obtain a preliminary injunction in an action brought under 7 U.S.C. § 2023(a), the movant must demonstrate both irreparable harm and a likelihood of success on the merits.[1] *See Ugo's O'Rite Deli, Inc. v. United States*, 1989 WL 4526, at *2 (S.D.N.Y.1989). If the plaintiff is unable to meet this burden, the court cannot stay the administrative disqualification of the plaintiff from participation in the

1. As amended in 1985, 7 U.S.C. § 2023(a) states in pertinent part:
    During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

Food Stamp Program pending judicial review on the merits. *See Ibrahim v. United States*, 650 F.Supp. 163, 165 n. 1 (N.D.N.Y.), *aff'd*, 834 F.2d 52 (2d Cir.1987) (Congress amended 7 U.S.C. § 2023(a) in 1985 to add the "likelihood of prevailing" language so as to make the test considerably more difficult to meet than mere irreparable harm, thus reducing the number of stays granted and ensuring more rapid implementation of disqualifications).[2]

### A. Irreparable Injury

■ In support of his contention that he will suffer irreparable injury if the preliminary injunctions are denied, plaintiff asserts that he will lose fifty percent of his business, which would necessitate closing the store. Courts addressing the question have generally held that this prong of the preliminary injunction standard is satisfied where food stamps accounted for a substantial portion of plaintiff's sales and plaintiff's company may fail as a result of disqualification. *See, e.g., Ugo's O'Rite Deli, Inc.*, 1989 WL at *2 (irreparable harm found where food stamps accounted for seventy percent of plaintiff's business); *Ibrahim*, 650 F.Supp. at 165–66 (irreparable harm found where food stamps accounted for thirty percent of business); *Barbosa v. United States*, 633 F.Supp. 16, 18 (E.D.Wis.1986) (irreparable harm where disqualification would result in the loss of revenue from food stamp customers). The allegation that plaintiff will lose fifty percent of his business, and may have to close

his doors as a result, is sufficient to convince the Court that the plaintiff will suffer irreparable injury if the preliminary injunctions are not granted. In order to prevail on this motion, however, the plaintiff must also demonstrate a likelihood of success on the merits.

### B. Likelihood of Prevailing on the Merits

■ Because this action is brought pursuant to 7 U.S.C. § 2023(a), the Court reviews the action de novo to determine the validity of the FNS's disqualification of Superior Grocery from participation in the Food Stamp Program.[3] *See, e.g., Abdelaziz v. United States*, 837 F.2d 95, 98 (2d Cir.1988). Thus, the standard of review is broader than that provided in the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq. and 701 et seq., as it " 'requires reexamination of the entire matter rather than a mere determination of whether the administrative findings are supported by substantial evidence.' " *See Ibrahim v. United States*, 834 F.2d 52, 53 (2d Cir.1987) (quoting *Saunders v. United States*, 507 F.2d 33, 36 (6th Cir.1974)).

■ Plaintiff argues first that he is likely to succeed on the merits since the Disqualification Order of the federal government was predicated upon the DOH waiver form, which he claims was not knowingly and voluntarily executed. However, plaintiff's allegations that he did not understand the terms of the Waiver he signed are

---

**2.** The same standard will be applied in determining whether the plaintiff is entitled to a preliminary injunction against the State of New York requiring it to reinstate plaintiff in the WIC Program. Ordinarily, to obtain a preliminary injunction the movant must show "both irreparable harm and a likelihood of success on the merits or a sufficiently serious question regarding the merits to make it a fair ground for litigation with the balance of hardship tipping decidedly in its favor." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 972 (2d Cir. 1989) (citations omitted). However, when the moving party seeks to enjoin governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the Second Circuit has held that an injunction should issue only if the plaintiff proves irreparable injury and a likelihood of success on the merits. *See Plaza Health Laboratories, Inc. v. Perales*, 878

F.2d 577, 580 (2d Cir.1989); *Union Carbide Agricultural Prods. Co. v. Costle*, 632 F.2d 1014, 1018 (2d Cir.1980), *cert. denied*, 450 U.S. 996, 101 S.Ct. 1698, 68 L.Ed.2d 196 (1981). This heightened standard is applicable in the instant case, since the governmental action is taken in the public interest—it ensures that the limited funds available for the WIC Program benefit needy participants by removing from the program vendors who have violated their WIC contracts and WIC regulations.

**3.** 7 U.S.C. § 2023(a) provides in relevant part:

The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue....

belied by the evidence submitted in opposition to this motion. That evidence suggests that Mr. De La Nueces attended the DOH pre-hearing conference with his paid advisor, Mr. Gonzalez, who is fluent in both Spanish and English and familiar with the WIC regulations and DOH proceedings. Mr. Gonzalez has sworn that he translated the proceedings at the pre-hearing conference for Mr. De La Nueces and that he explained the provisions of the Waiver to him. Mr. Lang, the DOH attorney present at the conference, has also sworn that he always reviews the provisions of the Waiver with the vendor before it is signed.[4]

Although the provisions of the Waiver form did not prohibit him from doing so, plaintiff did not seek judicial review of his disqualification from the WIC Program within the four-month limitations period provided in N.Y.Civ.Prac.L. & R. Article 78.[5] While he has in some respects reargued the merits of that disqualification on this motion, the Court is not convinced from its review of the evidence submitted that plaintiff is likely to succeed on the merits of his claim that the DOH Waiver form was not knowingly executed.[6]

■ Secondly, plaintiff argues that he is likely to succeed on the merits since the penalty imposed by the FNS, namely withdrawal of Food Stamp authorization for a period coinciding with the two-year WIC disqualification, was excessive and not in keeping with the applicable regulations. The Court cannot agree. If the district court concludes that the decision of the FNS was valid, the court may overturn the sanction imposed only if that sanction is arbitrary and capricious. *See, e.g., Lawrence v. United States,* 693 F.2d 274, 276 (2d Cir.1982); *Ruszczyk v. Secretary of United States Dep't of Agriculture,* 662 F.Supp. 295, 297 (W.D.N.Y.1986). To be considered arbitrary or capricious, the agency's action must have been " 'unwarranted in law or without justification in fact.' " *Willy's Grocery v. United States,* 656 F.2d 24, 26 (2d Cir.1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1011, 71 L.Ed.2d 301 (1982) (citations omitted).

In support of his position that the sanction imposed by the FNS was excessive, plaintiff cites *Willy's Grocery,* 656 F.2d at 26, and *Lawrence,* 693 F.2d at 276. Those cases, however, are inapposite to this point. In both, the courts discussed only the guidelines concerning the disqualification of Food Stamp Program participants based upon violations of FNS rules disclosed through an FNS investigation. In the instant case, plaintiff was disqualified from participation in the FNS Food Stamp Program based upon his violation of the WIC

---

**4.** The allegations and affidavits of plaintiff, taken together, reveal numerous inconsistencies in plaintiff's story with respect to the assistance he received in the DOH pre-hearing conference. Initially, plaintiff alleged that at the time of the DOH Order "he was not represented by any attorney nor [were] the contents of the Order explained to him in Spanish, his native and sole language, by any interpreter." Complaint at ¶ 8. In his Memorandum in Support of a Stay of the Administrative Action, plaintiff argued that he was aggrieved in that he had "to rely upon the services of a companion" in the proceedings before the DOH. Mem. at 15. Next plaintiff alleged that he retained Mr. Gonzalez not only to translate the proceedings before the DOH, but also to act as his attorney. De La Nueces Aff. in Reply at ¶¶ 2, 3, 5, 6. Mr. De La Nueces now argues that although he believed he was hiring an attorney and that Mr. Gonzalez represented himself as such to plaintiff and his wife, Mr. Gonzalez was not an attorney and not competent to advise him in the DOH proceedings. Mr. Gonzalez swears that he has never represented himself to be an attorney. Supp. Aff. at ¶ 3. He also attaches as an exhibit a copy of his business card in which he is referred to as a business consultant.

**5.** Plaintiff also claims that he was wronged in that it was not explained to him that, in signing the Waiver of Hearing form, he waived his right to review via an Article 78 proceeding. However, the Waiver contains no provisions which would have prevented plaintiff from filing such a proceeding in State court.

**6.** In opposition to plaintiff's motion for a preliminary injunction, defendant New York State also argues that suit against it in federal court is barred by the Eleventh Amendment and that the pendent claims against the State are time-barred since the four month limitations period under Article 78 has already run. The Court will not address these arguments on this motion, as it has already concluded that the plaintiff has not demonstrated a likelihood of success on the merits of its claim against New York State even if there were not procedural limitations barring the instant suit.

contract and WIC regulations. There are no FNS guidelines governing such withdrawals beyond those set forth in the provisions of the Code of Federal Regulations contained at 7 C.F.R. § 278.1(n)(1). That section reveals that the Federal Government was required to disqualify Superior Grocery from the Food Stamp Program because of Superior's WIC violations, which included accepting WIC food instruments from unauthorized persons and charging WIC customers more than the current shelf price of the food they were buying. *See* 7 C.F.R. § 278.1(n)(1).[7]

Plaintiff's claim that the FNS violated 7 C.F.R. § 278.1(n)(2) [8] and that plaintiff was unaware of the possibility of withdrawal under section 278.1(n)(1) is untenable. Plaintiff received notice of that possibility in Clause 36 of its WIC Vendor Contract (Def. N.Y. State's Exh. A), in its original disqualification letter from DOH, dated January 16, 1991, and in the Waiver of Hearing form which it signed on February 14, 1991.

The absence of any regulations or guidelines constraining the FNS in the situation where it disqualifies a firm based upon that firm's violation of the WIC regulations suggests to the Court that the plaintiff is unable to meet its burden of proving a likelihood of success on the merits of its claim that the FNS penalty was arbitrary or capricious. The FNS appears to have properly acted in accordance with section 278.1(n)(1), which requires it to withdraw Food Stamp Program authorization from any firm found to have been disqualified from participation in the WIC Program based upon violations of that program's regulations. Superior Grocery was indeed disqualified from participation in WIC, and the FNS's review of that disqualification resulted in the conclusion that withdrawal of Superior's authorization to participate in the Food Stamp Program was proper "based on the severity of the WIC violations and resultant disqualification from that program." *See* Letter dated Sept. 18, 1991 of Lana A. Manar, FNS Administrative Review Officer.

### CONCLUSION

In view of the Court's finding that plaintiff has failed to show a likelihood of success on the merits of his claim, plaintiff's request for a preliminary injunction enjoining the federal government from disqualifying Superior Grocery from participating in the Food Stamp Program pending judicial review of the administrative determination is denied. Likewise, plaintiff's request for a preliminary injunction against New York State is denied.

SO ORDERED.

---

**7.** 7 C.F.R. § 278.1(n)(1) provides in pertinent part:

> FNS shall withdraw the Food Stamp Program authorization of any firm which is disqualified from the WIC Program based in whole or in part on any act which constitutes a violation of that program's regulation and which is shown to constitute a misdemeanor or felony violation of law, or for any of the following specific program violations:
>
> \* \* \* \* \* \*
>
> (iv) Accepting WIC food instruments from unauthorized persons;
>
> \* \* \* \* \* \*
>
> (vi) Charging WIC customers more for food than non-WIC customers or charging WIC

customers more than the current shelf price....

**8.** 7 C.F.R. § 278.1(n)(2) provides in pertinent part:

> FNS shall not withdraw the Food Stamp Program authorization of a firm which is disqualified from the WIC Program unless prior to the time prescribed for securing review of WIC disqualification action, the firm was provided notice that it could be withdrawn from the Food Stamp Program based on the WIC violation.