**Manuel DE LA NUECES, d/b/a Superior Grocery, Plaintiff,**

v.

**UNITED STATES of America, United States Department of Agriculture, and State of New York, Defendants.**

No. 91 Civ. 6664 (WCC).

United States District Court, S.D. New York.

Jan. 10, 1992.

Stuart A. Mack, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for The State of N.Y.; Lisa B. Raphael, Asst. Atty. Gen. of counsel.

OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiff Manuel De La Nueces brought this action pursuant to 7 U.S.C. § 2023(a) for judicial review of the final determination of the Food and Nutrition Service ("FNS") disqualifying plaintiff's retail food store, Superior Grocery, from participation in the Food Stamp Program of the United States Department of Agriculture ("USDA"). In an Opinion and Order dated November 19, 1991, familiarity with which

is presumed, this Court denied plaintiff's motion for a preliminary injunction against the federal government enjoining them from disqualifying Superior Grocery from participating in the Food Stamp Program pending judicial review of the administrative determination. In that same Opinion and Order, the Court denied plaintiff's motion for a preliminary injunction against the State of New York requiring Superior Grocery to be reinstated to the Special Supplemental Food Program for Women, Infants and Children ("WIC Program"), administered by the state, from which he has been disqualified since February 5, 1991. Presently before the Court is defendant New York State's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. Rule 12(b)(1) for lack of jurisdiction over the subject matter.

## BACKGROUND

The facts of this case can be briefly summarized for the purposes of this motion.[1] On September 18, 1991, FNS issued a final determination withdrawing the authorization of Superior Grocery to participate in the Food Stamp Program. The FNS's determination to withdraw authorization from Superior Grocery was based on the New York State Department of Health's ("DOH") earlier disqualification of plaintiff from WIC. Plaintiff commenced this action on October 3, 1991, seeking judicial review of FNS's determination as well as a declaratory judgment that DOH's disqualification of plaintiff from the WIC Program was null and void.

The State of New York objects to maintenance of this suit against it on the grounds that the Eleventh Amendment to the United States Constitution bars suits against the states in federal court without the state's consent.

## DISCUSSION

Absent a clear abrogation of state sovereign immunity or express consent by the state,[2] a suit against a state "or one of its agencies or departments" is jurisdictionally barred by the Eleventh Amendment to the Constitution. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State.

Although the language addresses only suits brought against a state by citizens of another state, the Supreme Court has held that the Amendment bars suits against a state by citizens of that same state as well. *See Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This bar has been held to apply regardless of whether the relief sought is equitable or legal in nature. *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3105 n. 14, 87 L.Ed.2d 114 (1985); *Pennhurst,* 465 U.S. at 100–101, 104 S.Ct. at 907–08.

"Where the State itself or one of its agencies or departments is not named as defendant and where a state official is named instead, the Eleventh Amendment status of the suit is less straightforward." *Papasan,* 478 U.S. at 276, 106 S.Ct. at 2939. The instant action has been instituted only against the State of New York, not one of its departments or officials. Thus, since the defendant State of New York has not consented to suit, the Court concludes that the Eleventh Amendment operates as a bar to jurisdiction over it in this action.

## CONCLUSION

For the foregoing reasons, the Complaint as against defendant New York State is dismissed. The dismissal shall be without prejudice to the filing of an Amended Complaint naming a properly suable defendant

---

1. A more detailed version of the facts is set forth in this Court's Opinion and Order dated November 19, 1991. *See De La Nueces v. United States,* 778 F.Supp. 191 (S.D.N.Y.1991).

2. There appears to be no dispute that defendant New York State has not consented to this suit, and the Court can conceive of no reason to believe that it has.

on or before February 3, 1992. If such Amended Complaint is not filed by that date, the dismissal shall be with prejudice.

SO ORDERED.