**YOUNG JIN CHOI, d/b/a Brothers Market, Plaintiff,**

v.

**UNITED STATES of America and United States Department of Agriculture, Defendants.**

No. 96 Civ. 5607 (SAS).

United States District Court, S.D. New York.

Nov. 7, 1996.

Richard M. Howard, Finkel Goldstein Berzow & Rosenbloom, New York City, for Plaintiff.

Lorraine S. Novinski, Assistant United States Attorney, United States Attorney's Office, Southern District of New York, New York City, for Defendants.

## MEMORANDUM OPINION

SCHEINDLIN, District Judge.

Plaintiff Young Jin Choi brings this action for judicial review of a final determination of the Food and Nutrition Service ("FNS") disqualifying plaintiff's retail food store, Brothers Market, from participation in the Food Stamp Program of the United States Department of Agriculture. Pursuant to 7 U.S.C. § 2023(a) and proceeding by Order to Show Cause, plaintiff seeks a preliminary injunction enjoining the federal government from enforcing plaintiff's three year disqualification. For the reasons set forth below, plaintiff's motion is denied.

## I.  FACTUAL BACKGROUND

Plaintiff and his wife took over the ownership of Brothers Market from a relative in May 1995. Administrative Record ("AR") 20. The following month, plaintiff applied for and was authorized to participate in the Food Stamp Program, effective June 29, 1995. AR 23, 29. On five occasions between the dates of June 22 and August 2, 1995, an FNS investigator visited plaintiff's store between the hours of 9:30 a.m. and 12:25 p.m., using food stamps to purchase ineligible items from plaintiff's brother. AR 3–16. On three of these occasions, the investigator purchased alcohol. AR 10, 13, 16.

On the basis of this investigation, the FNS advised plaintiff by letter dated March 29, 1996 that he was being charged with having violated the regulations governing the Food Stamp Program. AR 32–33. The letter informed plaintiff that because of the seriousness of the charges, FNS was considering disqualification of the store, or the imposition of a civil monetary penalty. AR 33. Plaintiff responded to this letter via his attorney, explaining that he was forced to be absent from the store in the mornings, and that his wife had to stay home and watch their children. AR 38. Plaintiff stated that his brother, Young Sik Choi, who had only been in the United States for one year, was managing the store temporarily in his absence. AR 38. Plaintiff also indicated that Brothers Market had ceased the sale of alcohol and cigarettes in an effort to prevent further violations. AR 39.

Subsequently, the FNS determined that the violations warranted disqualification for three years, and advised plaintiff of this decision by letter dated May 20, 1996. AR 41–42. Plaintiff requested administrative review of this determination, stating that the three year disqualification would cause him to go out of business, and reiterating that the store no longer sold cigarettes or alcohol. AR 44–45. Plaintiff explained that his brother had only been working for him for two months at the time of the violations, and had no prior experience working as a cashier. AR 44. The FNS Administrative Review Officer upheld the three year disqualification on July 2, 1996. AR 52–58. On July 25, 1996, plaintiff commenced this action pursuant to 7 U.S.C. § 2023(a) seeking judicial review of that determination.

## II.  DISCUSSION

Plaintiff must demonstrate both irreparable harm and a likelihood of success on

the merits to obtain a preliminary injunction in this action for judicial review under 7 U.S.C. § 2023(a). *See De La Nueces v. United States,* 778 F.Supp. 191, 193 (S.D.N.Y.1991). The more rigorous likelihood of success standard must be met where, as here, the movant seeks to "stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme." *Plaza Health Laboratories, Inc. v. Perales,* 878 F.2d 577, 580 (2d Cir.1989) (standard of sufficiently serious question going to the merits and balance of hardships tipping in movant's favor does not apply when movant seeks to enjoin government action taken in public interest).

■ To succeed on the merits of his claim, plaintiff must show that the sanction imposed was arbitrary and capricious, "unwarranted in law or without justification in fact." *Willy's Grocery v. United States,* 656 F.2d 24, 26 (2d Cir.1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1011, 71 L.Ed.2d 301 (1982).[1] A sanction is not arbitrary and capricious when a federal agency properly adheres to its own regulations and guidelines when imposing it. *Lawrence v. United States,* 693 F.2d 274, 276 (2d Cir.1982).

The regulations governing penalties for violations of the Food Stamp Act ("the Act") or its regulations provide for a three year disqualification if it is the firm's practice to accept food stamps in exchange for alcoholic beverages. 7 C.F.R. § 278.6(e)(3)(ii). This sanction may be imposed even if the firm "had not previously [been] advised ... of the possibility that violations were occurring and of the possible consequences of violating the regulations." *Id.* Plaintiff's violation of this provision is clear. On three separate, documented occasions, plaintiff's brother sold alcohol to an FNS investigator in exchange for food coupons. AR 10, 13, 16.

■ Plaintiff seeks a reduction of the penalty imposed on Brothers Market from a three year disqualification to a civil monetary penalty. When determining the severity of the sanction to be imposed, the government must consider:

(1) the nature and scope of the violations committed by personnel of the firm, (2) any prior action taken by FCS to warn the firm about the possibility that violations are occurring, and (3) any other evidence that shows the firm's intent to violate the regulations.

7 C.F.R. § 278.6(d). Plaintiff argues that the penalty imposed on Brothers Market is too severe because plaintiff was not warned that violations were taking place prior to disqualification. The regulation that plaintiff violated, however, does not require that any prior warning be given.

■ Plaintiff also argues that the Government has failed to prove that the sale of ineligible items was the "practice" of the store. The regulations define a "firm's practice" as "the usual manner in which personnel of a firm or store accept food coupons as shown by the actions of the personnel at the time of the investigation." 7 C.F.R. § 271.2. Notably, all five attempts by the FNS investigator to use food stamps to purchase ineligible items were successful. This evidence alone strongly supports the FNS determination. Plaintiff contends, however, that these incidents do not indicate a store practice or policy of accepting food coupons for ineligible items because his brother was not in a management position. This contention is somewhat suspect when plaintiff has acknowledged that his brother was hired to manage the store in his absence. AR 38. In any event, actions of relatives and employees in violation of the Act or its regulations can serve as the basis for disqualification. *See Ugo's O'Rite Deli, Inc. v. United States,* 1989 WL 4526 (S.D.N.Y. Jan. 17, 1989) (sales of ineligible items in exchange for food coupons on four occasions by wife acting as employee warranted three year disqualification of store).

■ Finally, plaintiff argues that the imposition of a civil monetary penalty rather than a disqualification is more consistent with legislative intent. The legislative history indicates that a civil monetary penalty is preferable only when "alternative retail stores are not available to recipients." S.Rep. No. 504, 97th Cong., 2nd Sess. 63,

---

**1.** Plaintiff does not dispute that the violations occurred, nor does plaintiff argue that a sanction is unwarranted. Plaintiff seeks a civil monetary penalty rather than disqualification.

*reprinted in* 1982 U.S.C.C.A.N. 1641, 1701. Here, two other stores that accept food stamps are located within three blocks of plaintiff's store. AR 36. The penalty imposed upon plaintiff is therefore consistent with the legislative intent of the statute.

Because plaintiff cannot show a likelihood of success on the merits, plaintiff's request for injunctive relief must be denied despite the fact that the disqualification will likely cause plaintiff to suffer irreparable harm.[2] As the Court noted during a conference on September 24, 1996, sympathy may be on plaintiff's side, but the Court must act within the confines of its role as a reviewing body bound by a statutory standard of review. *See* Administrative Procedure Act, 5 U.S.C. § 706. The Government followed its own regulations in sanctioning plaintiff's store. Plaintiff therefore has failed to show that the three year disqualification was arbitrary and capricious.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is denied.

SO ORDERED.

---

**2.** Plaintiff alleges that he will lose forty percent of his business if his store is disqualified from the Food Stamp Program. *See* Affidavit of Mimi Choi, plaintiff's wife, dated October 5, 1996, at ¶ 9. Courts have found that a loss of thirty percent of one's business constitutes irreparable harm. *See Kim v. United States*, 822 F.Supp. 107 (E.D.N.Y.1993); *Ibrahim v. United States*, 650 F.Supp. 163 (N.D.N.Y.), *aff'd*, 834 F.2d 52 (2d Cir.1987). For the purposes of this motion, the plaintiff's loss of business can be considered irreparable harm.