17-61-cv
*Kawran Bazar, Inc. v. United States*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT:   GUIDO CALABRESI,
           RICHARD C. WESLEY,
           DENNY CHIN,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KAWRAN BAZAR, INC., MOHAMMAD ELIAS KHAN,
                *Plaintiffs-Appellants*,

                v.                                17-61-cv

UNITED STATES OF AMERICA, SECRETARY SONNY
PERDUE,
                *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:        Tejinder Bains, Law Offices of Ali and Bains
                                  PC, Forest Hills, New York.

FOR DEFENDANTS-APPELLEES:         Varuni Nelson, Rachel G. Balaban, Edwin R.
                                  Cortes, Assistant United States Attorneys, *for*

Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants grocery store Kawran Bazar, Inc. and its owner Mohammad Elias Khan (collectively, "Kawran") appeal from the district court's December 13, 2016 judgment dismissing their challenge to an agency sanctions decision, following the district court's grant of summary judgment in favor of the government. Pursuant to 7 U.S.C. § 2023(a)(13), Kawran challenged as arbitrary and capricious the determination of the Food and Nutrition Service ("FNS") that Kawran was ineligible for a civil monetary penalty in lieu of a six-year disqualification from the Supplemental Nutrition Assistance Program ("SNAP"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Kawran, which serves the Bangladeshi and Muslim community in Queens, New York, was formerly authorized to participate in the federal government's SNAP program and New York State's Special Supplemental Nutrition Program for Women, Infants and Children ("WIC"). Both programs provide financial assistance to low-income families to purchase food at participating retail stores. 7 U.S.C. §§ 2011,

- 2 -

2018 (SNAP); 42 U.S.C. § 1786 (WIC). FNS administers SNAP and the New York State Department of Health ("DOH") administers WIC.

Under its regulations, FNS "shall disqualify from SNAP" any store that is disqualified from WIC for WIC program violations. 7 C.F.R. § 278.6(e)(8). The reciprocal disqualification from SNAP "[s]hall be for the same length of time as the WIC disqualification" and "[s]hall not be subject to administrative or judicial review." *Id.* § 278.6(e)(8)(iii)(A), (C). The regulations also set forth the following hardship exception:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when the [store] subject to a disqualification is selling a substantial variety of staple food items, and the [store's] disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

*Id.* § 278.6(f)(1).

In 2012, Kawran was disqualified from WIC for six years based on a pattern of WIC violations. DOH upheld the disqualification following administrative review in 2014. After advising Kawran of its right to reply to the charges, which Kawran did not do, FNS notified Kawran by letter on August 13, 2015 that the store would be disqualified from SNAP for six years based on the WIC disqualification. The letter noted that FNS considered Kawran's eligibility for a hardship civil monetary penalty, but determined that Kawran was not eligible "because there are other authorized retail stores in the area selling a variety of staple foods at comparable prices." *Kawran Bazar, Inc. v. United States*, No. 15-CV-6109, 2016 WL 7235723, at *2

- 3 -

(E.D.N.Y. Dec. 13, 2016). Kawran sought administrative review, conceding that it violated WIC regulations but arguing that the hardship exception should apply. Kawran argued that it sold certain "ethnically assorted food staple items," such as halal meat[1] and Bangladeshi foods, and that the only other purveyors in the area were two smaller stores with higher prices. *Id.* On September 25, 2015, following administrative review, FNS sustained the disqualification, concluding that Kawran was ineligible for the hardship exception because 16 stores within a one-mile radius supplied as large a variety of staple foods at comparable prices.

On October 25, 2015, Kawran filed this suit pursuant to 7 U.S.C. § 2023(a)(13), which authorizes a store that "feels aggrieved" by a final administrative determination to seek judicial review. By memorandum and order entered December 13, 2016, the district court granted the government's motion for summary judgment. Judgment was entered the same day. This appeal followed. On appeal, as in the district court and before the agency, Kawran challenges only FNS's determination that Kawran was ineligible for the hardship exception.

We review *de novo* a district court's grant of summary judgment. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). The standard of review for a SNAP sanction is whether the sanction "was arbitrary or capricious, i.e.,

---

[1] "Halal" refers to the slaughter of an animal or the preparation of meat in accordance with Muslim law. *See* "Halal," Webster's Third New International Dictionary 1021 (3d ed. 2002).

whether it was 'unwarranted in law or without justification in fact.'" *Willy's Grocery v. United States*, 656 F.2d 24, 26 (2d Cir. 1981) (quoting *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975) (en banc)). A sanction does not violate this standard when the agency properly adheres to its own settled policy and guidelines. *See Lawrence v. United States*, 693 F.2d 274, 277 (2d Cir. 1982).

Kawran contends that the store qualifies for the hardship exception because halal meat is a "staple food," and Muslim SNAP recipients would suffer hardship from the store's disqualification because no other local store sells halal food. But the record shows that an investigator had gone to a large store located near Kawran and had photographed a sign for halal meat in that store. Kawran portrays FNS's evidence as outdated but the report mentioned above was dated June 4, 2015, the same year as Kawran's disqualification. We conclude that FNS's determination that Kawran was ineligible for the hardship exception was neither arbitrary nor capricious. *See Young Jin Choi v. United States*, 944 F. Supp. 323, 325-26 (S.D.N.Y. 1996) (rejecting challenge to three-year disqualification where two stores that accept food stamps were located within three blocks of plaintiff's store); *Varnadore v. United States*, 785 F. Supp. 550, 558 (D.S.C. 1991) (rejecting challenge to three-year disqualification where an authorized store selling a wider variety of staple foods was located within one-half mile of plaintiff's store). The district court did not err by granting summary judgment in favor of the government.

We have considered Kawran's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk