**F & G SUPERETTE, INC., Petitioner,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.**

**No. 84 CV 2595.**

United States District Court,
E.D. New York.

Jan. 16, 1986.

Tomas Greenberger, Brooklyn, N.Y., for petitioner.

Raymond J. Dearie, U.S. Atty. for the E.D. of N.Y. by Jeffrey Alan Coryell, Asst. U.S. Atty., for respondent.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

The plaintiff, F & G Superette, Inc. ("F & G"), is a retail food store participating in the Food Stamp Program established pursuant to the Food Stamp Act, 7 U.S.C. § 2011 et seq. Plaintiff brought this action under 7 U.S.C. § 2023 seeking judicial review of its disqualification from the program for a period of five years. For the reasons developed below, the disqualification is upheld and the complaint is dismissed.

### Findings of Fact

On or about October 7, 1982, a representative from the United States Department of Agriculture Food and Nutrition Service ("FNS") visited F & G. The FNS representative discussed with Abraham Grunspan, the store's president, the fact that an unusually high number of food stamps had been redeemed at F & G, as compared with other stores in the area (Transcript of Proceedings ("Tr.") at 5). In a letter dated

October 21, 1982, FNS expressed its suspicions that F & G might be generating its high volume in food stamps by accepting the stamps for products, like beer,[1] that may not be purchased with food stamps. It warned F & G that violations of the Food Stamp Act could result in the store's disqualification from the program (Administrative Record ("AR") at 4).

On or about March 25, 1983, FNS investigator Edward Agostini made the first of four "undercover" visits to the store. On that occasion, a clerk later identified as Mr. Grunspan accepted food stamp coupons from Agostini in exchange for several ineligible items (AR at 24–25).

During his later visits to the store, Agostini exchanged food stamps for ineligible items from Philip Davidowitz (April 21, 1983 and June 2, 1983) (AR at 14–15, 21–22) and Grunspan's mother-in-law, Miriam Fischer (May 24, 1983) (AR at 18–19).

As a result of these transactions, plaintiff was informed by letter dated August 17, 1983 that the store was being considered for disqualification from the program (AR at 32–33; Tr. at 11). By letter dated August 24, 1983 plaintiff formally denied any knowing violations of the food stamp regulations (AR at 38).

On September 28, 1983, Angela Mackey, the FNS Officer in Charge, recommended a five-year disqualification from the program (AR at 39–40). She noted that disqualification would have no harmful effect on local food stamp customers since at least two other stores are located within four blocks of plaintiff's store (*Id.*)

Plaintiff requested and received an administrative review of the FNS decision (AR 51–59). By letter dated May 22, 1984, plaintiff was informed that the five-year disqualification had been sustained (AR 59).

This action was commenced in August, 1984. The parties agreed that imposition of the sanction would be stayed pending resolution of this action.

### Discussion

Pursuant to 7 U.S.C. § 2023, plaintiff is entitled to a trial *de novo* by the district court, in which the court shall determine the validity of the administrative action. *See J.C.B. Supermarkets, Inc. v. United States*, 57 F.R.D. 500, 502–03 (W.D.N.Y. 1972), *aff'd* 530 F.2d 1119 (2d Cir.1976).

Upon consideration of the record in its entirety, including the evidence adduced at a hearing before this Court, I find that the four sales of ineligible items occurred on the dates previously discussed. Hence, the agency's finding of a violation of the Act must be upheld. Having so found, I turn to a review of the sanction imposed.

The standard of review for the imposition of a sanction is a determination whether the Secretary's action was arbitrary or capricious, *i.e.*, whether it was "unwarranted in law or without justification in fact." *Willy's Grocery v. United States*, 656 F.2d 24, 26 (2d Cir.1981).

7 U.S.C. § 2021 provides that, upon a finding of a violation of the statute, a retail food store shall be disqualified "for a reasonable period of time, of no less than six months nor more than five years, upon the first occasion of disqualification." *Id.* at (b)(1). Pursuant to this section of the Act, the implementing regulation requires FNS to:

Disqualify the firm for 5 years if it is to be the firm's first sanction, the firm had been previously advised of the possibility that violations were occurring and of the possible consequences of violating the regulations, and the evidence shows that:

(i) It is the firm's practice to sell expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages in exchange for food coupons.

7 C.F.R. § 278.6(e)(2)(3).

■ In this case, four clearly violative sales of beer and other ineligible items were made on four separate occasions by three different clerks, after plaintiff had

---

**1.** Ineligible goods are non-food items such as beer, soap, household cleaning supplies, toothpicks, bathroom tissue and toothpaste. *See* 7 U.S.C. § 2012(g) and 7 C.F.R. § 270.2(s).

been warned of the possibility of violations at the store and the consequences of future violations. Hence, a practice or policy, as defined by the regulations, was established. *See Lawrence v. United States,* 693 F.2d 274, 276–77 (2d Cir.1982); FNS Instruction 744–9 III B.

In light of this finding, the imposition of a five-year disqualification was consistent with the established policy and regulations of the Department of Agriculture.

■ Plaintiff argues, however, that a fine in lieu of disqualification is appropriate given the hardship disqualification would impose upon the food stamp customers in the area. However, the agency's determination that several other firms in the vicinity could adequately serve the food stamp customers in the neighborhood is fairly supported by the record before this Court. *See Lawrence v. United States, supra,* 693 F.2d at 277.

Accordingly, I find that the Secretary's imposition of a five-year disqualification was not arbitrary and capricious.

■ Finally, plaintiff argues that he was denied due process of law by the lack of an opportunity to cross-examine government investigators at the administrative level. However, since plaintiff was afforded the right to cross-examine the investigators at the *de novo* hearing held before this Court prior to the actual imposition of the sanction, due process requirements have been satisfied. *Cf. Broad Street Food Market v. United States,* 720 F.2d 217, 221 (1st Cir.1983).

Accordingly, the petition is dismissed.

SO ORDERED.