**In the Matter of Farouk IBRAHIM d/b/a Onondaga Circle Market, Plaintiff,**

v.

**UNITED STATES of America, Acting Through the DEPARTMENT OF AGRICULTURE, Defendant.**

**No. 86–CV–946.**

United States District Court, N.D. New York.

Jan. 6, 1987.

Robert H. Lawler, DeWitt, N.Y., for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y., Syracuse, N.Y., for defendant; (William H. Pease, Asst. U.S. Atty., of counsel).

## DECISION AND ORDER

McAVOY, District Judge.

Plaintiff, Farouk Ibrahim, doing business as the Onondaga Circle Market brought this action pursuant to 7 U.S.C. Section 2023(a) (Supp.1986), seeking judicial review of a decision of the Department of Agriculture permanently disqualifying him from the food stamp program. Plaintiff also requested a stay of the administrative decision pending judicial review. The issue presently before this court is whether to stay the administrative decision.

Farouk Ibrahim operates the Onondaga Circle Market, a retail grocery store located at 330 Delaware Street, Syracuse, New York. The Onondaga Circle Market was authorized to participate in the food stamp program by the Department of Agriculture's Food and Nutrition Service ("FNS").

On October 30, 1985, FNS sent plaintiff a letter charging him with accepting food coupons in exchange for ineligible items, in violation of 7 C.F.R. Section 278.2(a) (1986). An amended letter was sent on August 15, 1986, charging plaintiff with accepting food coupons for cash, also in violation of 7 C.F.R. Section 278.2(a). This charge letter informed plaintiff of his right to respond and submit evidence, either in writing or in person. Plaintiff sent written responses on August 26 and September 6, 1986. On March 7, 1986, however, FNS concluded that the violations had occurred and permanently disqualified plaintiff from the program. Plaintiff was informed that the decision would be final unless he requested administrative review. On March 14, 1986, plaintiff filed a request for review with the FNS Administrative Review Division. In a letter dated July 17, 1986, an Administrative Review Officer sustained the FNS finding of violations and the sanction of disqualification. On August 13, 1986, plaintiff commenced this action in state court and the government properly removed it to this court on August 20, 1986.

## DISCUSSION

A. *Statutory Framework*

A retailer wishing to participate in the food stamp program must file an application with the FNS. 7 C.F.R. Section 278.1(a) In determining whether to approve authorization, the FNS considers the following factors: (1) nature and extent of the applicant's food business; (2) volume of coupon business reasonably expected of the appli-

cant; (3) applicant's business integrity and reputation; and (4) other pertinent factors. 7 C.F.R. Sections 278.1(1)–278.1(5).

FNS may disqualify an authorized retail store for failure to comply with food stamp regulations. 7 C.F.R. Section 278.6 When considering disqualification of a retailer; FNS sends a "charge letter" which specifies the violations constituting the basis for disqualification. *Id.* Section 278.6(b). The retailer may respond to the charges orally or in writing. *Id.* The FNS determines whether a violation has occurred and imposes a sanction based on the charge letter, the retailer's response and any other information available to it. *Id.* Section 278.6(c). In the event of an adverse determination, the retailer may request review by the FNS Administrative Review Division, *id.* Sections 278.8(a), 279.2, and may file written information and appear before a review officer. *Id.* Section 279.7(b)–(c). A stay is in effect until the administrative review process is complete. *Id.* Section 278.8(a).

A retailer may seek judicial review of an adverse administrative decision in federal or state court. *Id.* Section 279.10(a). The court reviews the administrative action *de novo. Id.; F & G Superette v. United States Department of Agriculture,* 626 F.Supp. 1030, 1031 (E.D.N.Y.1986). In reviewing the sanction, however, the court determines only whether the Secretary's action was arbitrary and capricious. *F & G Superette,* 626 F.Supp. at 1031.

While judicial review is pending, the court may stay the administrative action. Section 2023(a) provides, in part:

"During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's *likelihood of prevailing on the merits and of irreparable injury,* the court temporarily stays such administrative action pending disposition of such trial or appeal."

7 U.S.C. Section 2023(a) (Supp.1986).

## B. *Judicial Stay*

 To determine whether to stay the administrative action, therefore, this court must consider two factors: (1) whether plaintiff will suffer irreparable injury; and (2) whether plaintiff is likely to prevail on the merits.[1]

### (1) *Irreparable Injury.*

Since plaintiff derives thirty percent of his income from food stamps and will probably lose his business if disqualified from the program, see Affidavit of Farouk Ibrahim at 2 (pages are unnumbered), this

---

1. Plaintiff claims the standards for a judicial stay as set forth in the statute and federal register are contradictory. *See* 7 U.S.C. Section 2023(a) (1986) (requiring *consideration* of the likelihood of prevailing on the merits and irreparable injury) and 51 Fed.Reg. 18752 (1986) (to be codified at 7. C.F.R. Section 279.10(d)) (requiring a *showing* of irreparable injury and likelihood of prevailing on the merits). This court does not find these standards contradictory. The legislative history indicates that Congress was attempting to revise the standard in Section 2023(a) so that it would comply with the ordinary criteria for a judicial stay. The comments of the Senate Committee on Agriculture, Nutrition and Forestry are enlightening:

"Under current law, a more lenient standard is used which permits such stays if the store ... can show that irreparable injury would result if the administrative action remained in force.... [I]t is relatively easy, under the present criterion, to plead that actions will result in "irrepara-

ble injury" and stays are frequently granted. The result of such stays is prolonged delays in implementing disqualifications and in collecting fiscal penalties. During these delays, retail stores ... may continue to accept and redeem coupons.... (and) the potential for continued abuse is high.

The proposed standard—likelihood of prevailing—is a usual condition which all petitioners must establish before stays are granted.... Since it would be considerably more difficult for a firm to meet the proposed test than to merely show that irreparable injury would occur, fewer stays would be granted, resulting in more rapid implementation of disqualifications. Speedier disqualifications would more quickly eliminate abuse by violating retailers and wholesalers as well as serve as general deterrents to retailer/wholesaler abuse."

S.Rep. No. 145, 99th Cong., 1st Sess., page 267, *reprinted in* 1986 U.S. Code & Admin.News 1933–1934.

court finds that plaintiff will suffer irreparable injury if the stay is denied.

### (2) *Likelihood of Prevailing on the Merits.*

Plaintiff's sole argument is that the statutory scheme does not comply with procedural due process. Although plaintiff did not brief this issue extensively and the government did not brief it at all, this court, nevertheless, will address it.[2]

The Due Process Clause provides that an individual cannot be deprived of property without constitutionally adequate procedure. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). To prevail on his due process claim, plaintiff must demonstrate that: (a) he had a property interest in continued participation in the food stamp program; and (b) he received inadequate process. *See id.; see also Patchogue Nursing Center v. Bowen,* 797 F.2d 1137, 1144–45 (2d Cir.1986).

### (a) Property Interest

■ In *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Supreme Court defined the property interests subject to constitutional protection as:

"... not limited by a few, rigid forms.... "property" denotes a broad range of interests that are secured by "existing rules or understandings." A person's interest in a benefit is a "property" interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Id.* at 601, 92 S.Ct. at 2699 *citing Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

A property interest can be created and defined by statute, *see Roth,* 408 U.S. at 577–78, 92 S.Ct. at 2709, or regulation. *See Klein v. Matthews,* 430 F.Supp. 1005, 1009 (D.N.J.1977).

Although retail stores are only incidental, not primary beneficiaries of the food stamp statute, disqualification from the food stamp program may have a severe impact on a retailer's business. As one court noted:

"... disqualification may have grave economic consequences to a retailer engaged in business in a depressed economic area where there is widespread use of food stamps. In such an area one who holds himself out as a retailer of food would be cut off from a substantial segment of the buying public if he is disqualified from engaging in food stamp transaction.... [I]n a very real sense plaintiff will be deprived of "property" if he is disqualified from participation in the program for any period of time."

*Cross v. United States,* 512 F.2d 1212, 1217 (4th Cir.1975).

FNS regulations specify that a retailer can be disqualified for failure to comply with the regulations, 7 C.F.R. Section 278.-6; therefore, a retailer has an expectation of continued participation in the program, as long as it complies with the regulations. *See Patchogue,* 797 F.2d at 1144–45 (health care providers have property interest in continued participation in Medicare and Medicaid programs); *see also Case v. Weinberger,* 523 F.2d 602, 607 (2d Cir.1975) (fact that nursing facility is only incidental beneficiary of Medicaid structure does not derogate property interest in continued participation); *see also* C. Koch, Administrative Law and Practice, Section 7.7 at 555–556 (1985) (interest exists if govern-

---

**2.** Several courts have considered whether the statutory scheme satisfies procedural due process; however, the issue has not been resolved. *Compare McGlory v. United States,* 763 F.2d 309, 312 (7th Cir.1985) (per curiam) (finding due process satisfied when judicial stay in effect; no discussion of property interest); *Broad v. United States,* 720 F.2d 217, 221 (1st Cir.1983) (finding

due process satisfied; expressly declining to decide whether retailers have property interest); *F & G Superette, Inc. v. Department of Agriculture,* 626 F.Supp. 1030, 1032 (E.D.N.Y.1986) (finding due process satisfied; no discussion of property interest) *with Cross v. United States,* 512 F.2d 1212, 1217 (4th Cir.1975) (finding retailer has property interest in participation in program).

ment body must meet some standard before depriving individual of benefits.)

This court concludes, therefore, that plaintiff has a property interest in continued participation in the food stamp program, and cannot be deprived of that interest without due process. The next issue is what process was due.

(b) Nature of Process

■ The administrative decision to disqualify takes effect before the *de novo* trial if the reviewing court refuses to grant an administrative stay. Since a trial *de novo* certainly satisfies due process requirements, the only issue is the adequacy of the process if a stay is denied and the administrative decision takes effect.

An individual is entitled to a hearing *before* being deprived of a property interest. *Loudermill*, 105 S.Ct. at 1493. A pretermination hearing, "though necessary need not be elaborate." 105 S.Ct. at 1495. As the Supreme Court has stated the nature of the hearing may vary "depending on the importance of the interests" and "the nature of subsequent proceedings." *Id.* (citations omitted). Furthermore, " 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." *Id. quoting Matthews v. Eldridge*, 424 U.S. 319, 324, 96 S.Ct. 893, 906–907, 47 L.Ed.2d 18 (1976).

In *Matthews*, 424 U.S. 319, 96 S.Ct. 893, the Supreme Court set forth three factors by which to judge the sufficiency of the administrative procedures:

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id.* at 335; 96 S.Ct. at 903. Applying these factors to this case, this court finds that plaintiff has been accorded all the process that is due.

Here, the private interest—continued participation in the food stamp program—is strong; however, as noted above, retailers are only incidental beneficiaries under the statutory scheme. Their interest, therefore, must be placed in perspective and considered in light of the third factor—the government's interest in administering the program for the primary beneficiaries. As the legislative history of the Food Security Act of 1985 indicates, Congress hoped to reduce food stamp abuse by rapidly implementing disqualification decisions.[3] Finally, the risk of erroneous deprivation is slight because, at the administrative level plaintiff receives notice of the charges, an opportunity to respond in writing or in person, and an opportunity to appeal to a review officer. Furthermore, at the judicial level, plaintiff is entitled to a hearing at which to demonstrate a likelihood of prevailing on the merits.[4] 7 U.S.C. Section 2023(a); *see also Barbosa v. United States*, 633 F.Supp. 16, 17 (E.D.Wis.1986).

This court concludes, therefore, that plaintiff has a property interest in continued participation in the food stamp program and cannot be deprived of this interest without due process. This court finds, however, that the procedures for administrative and judicial review provide plaintiff with all the process that is due. Since plaintiff's due process argument is not persuasive, this court finds plaintiff has failed to demonstrate a likelihood of prevailing on the merits. Accordingly, plaintiff's request for a stay is denied.

**3.** *See supra* note 1

**4.** In this case, plaintiff waived a hearing and submitted the issue to the court based on the papers.