**In the Matter of Farouk IBRAHIM, d/b/a Onondaga Circle Market, Plaintiff–Appellant,**

v.

**UNITED STATES of America, acting Through the DEPARTMENT OF AGRICULTURE, Defendant–Appellee.**

**No. 200, Docket 87–6034.**

United States Court of Appeals, Second Circuit.

Argued Nov. 20, 1987.

Decided Nov. 23, 1987.

Robert H. Lawler, DeWitt, N.Y., for plaintiff-appellant.

Constance A. Wynn, Appellate Staff Atty., Civ. Div., U.S. Dept. of Justice, Washington, D.C. (Richard K. Willard, Asst. Atty. Gen., Civ. Div., U.S. Dept. of Justice, Washington, D.C., Frederick J. Scullin, Jr., U.S. Atty. for the Northern District of New York, Syracuse, N.Y., Robert S. Greenspan, Appellate Staff Atty., Civ. Div., U.S. Dept. of Justice, Washington, D.C., of counsel), for defendant-appellee.

Before TIMBERS, WINTER and PRATT, Circuit Judges.

WINTER, Circuit Judge:

Farouk Ibrahim brought this suit seeking review of a Food and Nutrition Service ("FNS") decision permanently disqualifying his store, the Onondaga Circle Market, from participation in the food stamp pro-

gram. Under the Food Stamp Act, 7 U.S. C. § 2023(a) (Supp. IV 1986), judicial review of a disqualification is by "a trial de novo ... in which the court shall determine the validity of the questioned administrative action in issue." The central issue on appeal is whether this provision provides a different scope of review from that available under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) (1982). We hold that the Food Stamp Act requires the district court to reexamine the agency's decision on a fresh record, rather than determining whether the administrative decision was supported by substantial evidence. We further hold that such review afforded appellant due process. We therefore affirm.

We briefly review the relevant facts. The FNS notified Ibrahim by letter dated August 15, 1985 that his store was being considered for disqualification from the food stamp program for violations of 7 C.F.R. § 278.2(a) (1987). Ibrahim was told that store personnel had accepted food stamps for cash from undercover officers and that store personnel had accepted food stamps for ineligible items such as beer and cigarettes. Ibrahim was encouraged to respond to these charges and did so in a letter dated August 26, 1985.

After review, the FNS permanently disqualified Ibrahim's store pursuant to 7 U.S. C. § 2021(b)(3) (1982), and levied a $1,215.80 assessment upon him. Ibrahim filed for an administrative review of this decision and asked to appear before the Review Officer in person. The Review Officer informed Ibrahim by mail that, although travel restrictions prevented her from meeting with him in Syracuse, she could arrange for a personal meeting in New York City or by phone. Ibrahim failed to respond to this letter, and the Review Officer sustained the disqualification determination and the monetary assessment in a letter dated July 17, 1986. The Review Officer concluded that Ibrahim had been properly informed about the food stamp program's regulations, that he had been previously warned that his store's high rate of coupon redemptions indicated the presence of violations of the regula-

tions, and that the violations contained in the charge letter had occurred. The administrative record consisted of investigative reports submitted by state and local police and a copy of Ibrahim's guilty plea (which was entered five months before the charge letter was mailed) in state court to a criminal charge of unlawful possession of food stamps.

Ibrahim sought judicial review of the FNS decision, and a trial de novo was held before Judge McAvoy, who concluded that "the administrative action was, in fact, valid, and the action [FNS] took was correct both procedurally and in substance." At trial, the government's sole witness was State Police Officer Evelyn Kendrick, who testified that she "sold" food stamps for cash at Ibrahim's store on several different occasions. Ibrahim presented no evidence to rebut this testimony. On cross-examination, however, Kendrick admitted that she had not spoken directly with anyone at the FNS about her investigation. 650 F.Supp. 163.

On appeal, Ibrahim contends that the district court's de novo review should have been limited to the administrative record and that that record was legally inadequate because it did not include, *inter alia,* an evidentiary hearing or even the sworn testimony of Officer Kendrick. We disagree.

The Food Stamp Act's de novo review provision embodies a different and broader scope of review than that available under the APA, 5 U.S.C. § 706(2)(A). *See J.C.B. SuperMarkets, Inc. v. United States,* 57 F.R.D. 500, 502–03 (W.D.N.Y.1972), *aff'd,* 530 F.2d 1119 (2d Cir.1976); *Modica v. United States,* 518 F.2d 374, 376 (5th Cir. 1975); *Cross v. United States,* 512 F.2d 1212, 1216 (4th Cir.1975) (in banc). This review "requires a reexamination of the entire matter rather than a mere determination of whether the administrative findings are supported by substantial evidence." *Saunders v. United States,* 507 F.2d 33, 36 (6th Cir.1974). As a result, the district court "must reach its own factual and legal conclusions based on the preponderance of the evidence, and should not limit its consideration to matters previously

appraised in the administrative proceedings." *Modica*, 518 F.2d at 376.

*Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (per curiam), relied upon by Ibrahim, is not on point. That case involved review of a decision by the Comptroller of the Currency denying a national bank charter, and no statute or regulation provided for de novo review. The APA therefore governed. Here, in contrast, the Food Stamp Act specifically provides that review of FNS determinations "shall be a trial de novo." 7 U.S.C. § 2023(a).

In a trial de novo, "[t]he record in the district court, not the record before the agency, is what counts." *McGlory v. United States*, 763 F.2d 309, 311 (7th Cir.1985) (per curiam). In the instant case, Judge McAvoy correctly concluded that the FNS' disqualification of Ibrahim's store was valid based on Officer Kendrick's unrebutted testimony.

Ibrahim also argues that the FNS violated constitutional due process by taking away "his property right to earn a living" without an administrative hearing. This claim is also without merit. The trial de novo provision clearly afforded full procedural due process. *Cross*, 512 F.2d at 1217; *see Redmond v. United States*, 507 F.2d 1007, 1012 (5th Cir.1975) ("By providing the aggrieved food store with a new trial where the store may introduce evidence outside the administrative record, the statute also protects the rights and interests of the store against final adverse action without the opportunity for an adversary hearing.").

Affirmed.