**HANAINA ENTERPRISES, INC., d/b/a Summerland Supermarket, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 92–1871–CIV.**

United States District Court, S.D. Florida.

Oct. 21, 1992.

Richard Baron, Miami, Fla., for plaintiff.

Roberto Martinez, U.S. Atty., Vivian Rosado, Asst. U.S. Atty., Miami, Fla., for defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF ADMINISTRATIVE ACTION**

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Plaintiff Hanaina Enterprises, Inc. ("Hanaina") motion for stay of administrative action, pursuant to 7 U.S.C. § 2023. On August 31, 1992, the Court held an evidentiary hearing on this matter. For the reasons stated below, the Court denies Hanaina's motion.

**STATUTORY FRAMEWORK**

Hanaina, a local grocer doing business as Summerland Supermarket, brought this ac-

tion for judicial review of a final decision by the United States Department of Agriculture ("USDA") permanently barring Hanaina from participating in the food stamp program. Title 7, United States Code, Section 2021 provides for permanent disqualification from the food stamp program when a participant purchases or trafficks in food coupons. 7 U.S.C.A. § 2021(b)(3)(B) (West Supp.1992). As an alternative to permanent disqualification, the statute provides that the USDA shall have the discretion to impose a civil money penalty of up to $20,-000 upon the violator if it determines that there is substantial evidence that the food store or concern "had an effective policy and program in effect to prevent violations." 7 U.S.C.A. § 2021(b)(3)(B) (West Supp.1992).

Title 7, United States Code, Section 2023 confers jurisdiction on this Court to conduct a de novo review of the USDA's decision. 7 U.S.C.A. § 2023(a) (West 1988). Section 2023(a) further provides:

> During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

7 U.S.C.A. § 2023(a) (West 1988).

## FACTUAL FINDINGS

After consideration of the testimonial and documentary evidence presented by the parties at the August 31, 1992 hearing, the Court makes the following factual findings:

1. Hanaina operates Summerland Supermarket, a grocery store located at 6600 N.W. 22nd Avenue, Miami, Dade County, Florida.

2. In 1989, Summerland applied for and received authorization to participate in the USDA's food stamp program.

3. Hanaina's president, Mr. Jamal Shouman, certified in the application that his firm, including all employees, would comply with the program regulations. Mr. Shouman posted a notice in his store, in Arabic and English, outlining the program requirements and instructing employees to comply with the requirements.

4. Food stamp sales represented 70–80% of Summerland's gross receipts.

5. In March, 1991, a Summerland employee accepted food coupons in exchange for non-eligible merchandise and cash, in violation of program regulations.

6. In May, 1991, a Summerland employee accepted food coupons in exchange for cash, in violation of program regulations.

7. By letter dated March 9, 1992, Mr. Pedro J. Renaud, the local officer in charge of the case, notified Mr. Shouman of these violations. Mr. Renaud advised Mr. Shouman that the USDA was considering Summerland's permanent disqualification from the program or the imposition of a civil money penalty. Mr. Renaud further advised Mr. Shouman that, to apply for the civil money penalty, Mr. Shouman had to submit a reply, with supporting documentation, within ten days of receipt of the letter.

8. By letter dated March 18, 1992, Mr. Renaud granted Mr. Shouman an extension of time to submit his reply until the close of business on March 30, 1992.

9. Mr. Shouman did not submit a reply by March 30, 1992.

10. A letter dated March 31, 1992, advising Mr. Renaud that Summerland requested the imposition of a civil money penalty in lieu of permanent disqualification did not reach Mr. Renaud. Although the letter asserted that Summerland had developed and implemented a program designed to prevent trafficking in food stamps, no documentation accompanied the letter in support of this assertion.

11. By letter dated April 10, 1992, Mr. Renaud informed Mr. Shouman that Summerland Supermarket was permanently disqualified from participating in the food stamp program effective on the tenth cal-

endar day following Mr. Shouman's receipt of the letter.

12. Summerland timely requested a review of Mr. Renaud's determination.

13. By letter dated July 9, 1992, Mr. Edward W. Davidson, Administrative Review Officer, sustained Mr. Renaud's decision to permanently disqualify Summerland from the food stamp program.

14. Summerland Supermarket is located in a financially depressed neighborhood, where numerous food stamp recipients reside. Several stores in that vicinity participate in the food stamp program.

## DISCUSSION

In accordance with the statutory requirements, the Court addresses Hanaina's likelihood of prevailing on the merits and of irreparable injury to determine the appropriateness of granting Hanaina the temporary injunctive relief it seeks.

### 1. Irreparable harm:

█ Because Summerland derives 70–80% of its business from food stamp customers, disqualification from the food stamp program will result in Summerland's loss of the bulk of its business and the possible closure of the store. Therefore, the Court finds that Hanaina will sustain irreparable harm if the Court denies its motion to stay administrative action. *De La Nueces v. United States*, 778 F.Supp. 191, 194 (S.D.N.Y.1991) (The loss of fifty percent of a store's business, which would necessitate the closing of the store, constitutes irreparable harm.); *Ugo's O'Rite Deli, Inc. v. United States*, No. 88 CIV. 4281 (SWK), 1989 WL 4526, at *2 (S.D.N.Y. Jan. 17, 1989) (The loss of seventy percent of a store's business constitutes irreparable harm.); *Ibrahim v. United States*, 650 F.Supp. 163, 165 (S.D.N.Y.), *aff'd*, 834 F.2d 52 (2d. Cir.1987) (Probable loss of business by store-owner who derived thirty percent of his income from food stamps sale constitutes irreparable harm.). However, because several other stores participating in the food stamp program are located within the area served by Summerland, the Court finds that the surrounding community will not sustain irreparable harm if the Court denies the motion to stay.

### 2. Likelihood of prevailing on the merits:

█ In this action, Hanaina seeks judicial review of the USDA's decision to permanently bar Summerland from the food stamp program and its failure to impose the alternative civil money penalty provided by the applicable statute. "To be valid a sanction must not be arbitrary and capricious, and a sanction is arbitrary and capricious if it is unwarranted in law or without justification in fact." *Bruno's Inc. v. United States*, 624 F.2d 592, 594 (5th Cir. 1980) (quoting *Goodman v. United States*, 518 F.2d 505, 511 (5th Cir.1975). *See also Yousef v. United States*, 647 F.Supp. 127, 131 (M.D.Fla.1986) (The scope of review of a USDA-imposed sanction is arbitrary and capricious.).

The evidence clearly shows, and Hanaina admits, that Summerland employees violated food stamp program regulations by exchanging food coupons for prohibited merchandise and by trafficking in coupons. As noted above, 7 U.S.C. § 2021(b)(3)(B) provides for permanent disqualification from the food stamp program of food stores that purchase or traffic in food coupons. The Court concludes, therefore, that the USDA's decision to permanently bar Summerland from the food stamp program was justified in fact and warranted by law. Hence, the USDA's action is not subject to reversal under the arbitrary and capricious standard. Moreover, Hanaina's assertion that Summerland employees committed the violations in contravention of store policy and without Mr. Shouman's knowledge does not render the administrative decision arbitrary and capricious. *Yousef*, 647 F.Supp. at 130 ("[F]ederal courts have upheld food stamp disqualification although violations were committed by other employees and there was no involvement or knowledge by the owner.") (citations omitted).

Hanaina also seeks judicial review of the USDA's failure to impose a civil money penalty, in lieu of permanent disqualification, as permitted by 7 U.S.C.

§ 2021(b)(3)(B). The Court finds, however, that Hanaina's failure to comply in a timely manner with the procedures set out by the USDA for requesting a civil money penalty forecloses this avenue of relief. *See Figueroa v. United States,* No. CIV.A. 90–1267, 1991 WL 53872, at *9 (E.D.Pa. Apr. 8, 1991) (A store owner who fails to timely request that he be considered for a civil monetary penalty and fail[s] to submit the documentation required to support such a request" has lost the opportunity to request the penalty at a later stage.) Judicial review of this issue, despite non-compliance with the agency's procedures, would result in the Court's review of a matter that was never before the agency and make a mockery of the USDA's authority to exercise its discretion in this matter.

## CONCLUSION

Hanaina has met one prong of the statutory requirement for a stay of the USDA's action: irreparable harm. Hanaina has failed to demonstrate, however, its likelihood of success on the merits in this action for judicial review. Therefore, pursuant to 7 U.S.C.A. § 2023(a), it is hereby

ORDERED AND ADJUDGED that Hanaina's motion for stay of administrative action is DENIED.

DONE AND ORDERED.