**Glenn E. HOLMES d/b/a Holmes Bi-Rite Supermarket, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 93–D–165–E.**

United States District Court,
M.D. Alabama, E.D.

Feb. 25, 1993.

---

Alvin T. Prestwood, Montgomery, AL, for plaintiff.

Kenneth E. Vines, Asst. U.S. Atty., for defendant.

## CORRECTED MEMORANDUM OPINION

DE MENT, District Judge.

This matter is before the court on plaintiff's application for administrative stay pursuant to 7 C.F.R. § 279.10(d). The defendants responded on February 22, 1993. A hearing was held on February 23, 1993, testimony was taken and stipulations were entered into by counsel for the plaintiff and for the United States. For the following reasons the stay is due to be GRANTED.

### FACTS

The plaintiff in this case, Glenn E. Holmes, is the owner and operator of Holmes Bi–Rite Supermarket, a grocery store located in Tuskegee Alabama. On September 30, 1992, Mr. Holmes received a letter from the Food and Nutrition Service (FNS) of the United States Department of Agriculture alleging that one of Mr. Holmes' cashiers had violated the food stamp regulations. (Defendant's exhibit 1). The letter alleges that on July 13, 1992, July 21, 1992, September 2, 1992 and September 4, 1992 a cashier by the name of Denise Hall exchanged cash for food stamps and that July 21, 1992, the cashier accepted food stamps for beer, an ineligible item under the program. (Defendant's exhibit 1 page 1–2). This letter informed the plaintiff that Bi–Rite was being considered for a permanent disqualification from participating in the Food Stamp Program because of these four trafficking violations. (Defendant's exhibit 1). The letter also informed Holmes that his store could qualify for a Civil Money Penalty in lieu of permanent disqualification if the store met certain criteria.

The plaintiff responded to the charge letter denying all allegations in the September 30, 1993 letter. However Mr. Holmes did not request the civil penalty in lieu of permanent disqualification.[1]

On October 14, 1992, the FNS issued a notice of determination of permanent disqualification. Plaintiff then requested an administrative review and opportunity to be heard. As a result, a stay of the disqualification was instituted pending the administrative review. Plaintiff and his attorney attended the administrative review hearing on December 2, 1992. On January 22, 1993 the administrative review officer issued a determination sustaining the findings in the charge letter. Plaintiff then filed a complaint in this court asking for a de novo review pursuant to 7 C.F.R. § 279.10 and an administrative stay pursuant to 279.10(d).

### DISCUSSION

7 U.S.C. § 2023(a) provides that:

During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect unless on application to the court ... and after hearing thereon and a consideration by the court of the applicants likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal. 7 U.S.C. 2023(a); see also 7 C.F.R. 279.10(d).

Thus in order to obtain a stay of the administrative action, this court must consider two factors: (1) whether plaintiff will suffer irreparable injury; and (2) whether plaintiff is likely to prevail on the merits.

#### (1) Irreparable Harm

■ The plaintiff contends that he will suffer irreparable injury to his business if the court does not grant this stay. The plaintiff contends that he derives 75% of his business from food stamp customers and that the inability to accept food stamps for the duration of the judicial review would result in his losing his business and means of providing a

---

1. At the hearing, plaintiff's attorney represented to the court that Mr. Holmes did not make the request for a civil penalty because he felt he had done nothing wrong and that opting for the civil penalty would be admitting guilt before he was given the opportunity to contest the administrative action de novo before this court.

livelihood for his family. (See plaintiff's complaint pg. 8). The government offered no evidence to the contrary and in fact stipulated to the plaintiffs claim that 75% of the stores income was derived from the food stamp program. Since it is undisputed that plaintiff derives 75% of his income from food stamps and that he will probably lose his business if he is disqualified from the program, this court finds that the plaintiff will suffer irreparable harm if the stay is denied.

### (2) Likelihood of Prevailing on the Merits

The Plaintiff contends that he is likely to prevail on the merits for two reasons, viz.: (a) there is a split in the circuits as to when a store owner can be held liable under the statute for the acts of its employee; and (b) the statutory scheme does not comply with procedural due process.

#### (a) Employers liability for the acts of employees

■ The plaintiff argues that several circuits have found that in order to find liability on the part of the store owner the government must prove that the predicate acts were done for the benefit of the employer and that the owner must be shown to have knowledge of or participated in the predicate acts before he can be held responsible for the food stamp violations. *See R Ranch Market Corp. v. U.S.,* 861 F.2d 236 (9th Cir.1988); *Badwan v. U.S.,* 541 F.2d 1388 (10th Cir.1976).

Since these cases were decided prior to the 1988 amendments to the statute, the court does not find these cases controlling. The regulation clearly states that "[t]he FNS regional office shall: (1) Disqualify a firm permanently if: (i) personnel of the firm have trafficked in coupons or ATP cards ...". 7 C.F.R. § 278.6(e)(1).

Under these regulations, the court finds that if a violation did occur the owner of the firm is responsible whether he derived any benefit or not. *See Freedman v. U.S. Dept. of Agriculture,* 926 F.2d 252 (3rd Cir.1991).

#### (b) Due process claim

■ The plaintiff also alleges that the statutory scheme does not comply with procedural due process of law. The due process clause provides that an individual cannot be deprived of property without due process of law. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). To prevail the plaintiff must show two things (a) that he possesses a property interest in continued participation in the food stamp program; and (b) he received inadequate process.

The court in *Ibrahim v. U.S. Through Dept. of Agriculture,* 650 F.Supp. 163 (N.D.N.Y.1987) dealt with the issue of whether a store owner had a property interest in continued participation in a food stamp program. In that case, the court cited *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), where the Supreme Court defined the property interests subject to constitutional protection. The court held that:

> not limited be a few, ridged forms ... 'property' denotes a broad range of interests that are secure by 'existing rules or understandings.' A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.

The court in *Ibrahim* held that even though a retail store is only an incidental and not a primary beneficiary of the food stamp statute, disqualification may have a serious impact on a retailer's business. 650 F.Supp. at 166. *See also, Cross v. United States,* 512 F.2d 1212, 1217 (4th Cir.1975). The court further held that since the FNS regulations specify that a retailer can be disqualified for failure to comply with the regulations, the retailer has an expectation of continued participation in the program as long as he complies with the regulation. 650 at 166.

The court agrees with this reasoning. The Plaintiff contends and the defendant stipulated that 75% of his business is derived from the food stamp business. His business is located in a depressed economic area where there is widespread use of food stamps. In this type area, a retailer who was disqualified from the food stamp program would be cut off from a substantial segment of the buying

public. "In a very real sense plaintiff will be deprived of 'property' if he is disqualified for any period of time." *Cross v. United States,* 512 F.2d 1212, 1217 (4th Cir.1975). The court in this case finds that Mr. Holmes' does have a property interest in his continued participation in the food stamp program.

Did He Receive Adequate Process?

 Most courts have concluded that while there may be a property interest in the continued participation in the program, the procedure for administrative and judicial review provide the plaintiff with the proper process which is due. However, in this case, the court has serious concern as to whether this statute and regulations actually afford the store owner due process of law. The legal question in this case is whether or not an employer may be deprived of a valuable property right (in this case his business) by being conclusively held liable for the act of an employee, allegedly *acting outside the line and scope of her employment,* without the right to contravene his knowledge, participation, authorization, ratification, or even benefit of her alleged illegal act.

It is elemental in constitutional law that:

Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, this is not due process of law. *Black's Law Dictionary* 500 (6th ed. 1990); *accord, U.S. Department of Agriculture v. Murry,* 413 U.S. 508 [93 S.Ct. 2832, 37 L.Ed.2d 767] (1973); *Stanley v. Illinois,* 405 U.S. 645 [92 S.Ct. 1208, 31 L.Ed.2d 551] (1972).

Because the court has serious concern as to whether a statute which imposes strict liability on a storeowner with no recourse to him or her to prove his or her innocence violates the due process of law clause of the Fifth Amendment to the Constitution, the court grants the stay pending resolution of this constitutional issue.

An order will be issued in accordance with this opinion.