Accordingly, plaintiff's motion for a new trial will be denied.

**FOOD CITY, INC., Plaintiff,**

v.

**Acting Secretary, United States Department of Agriculture, Richard ROMINGER, Defendant.**

**No. 6:95CV124.**

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

March 16, 1995.

David R. Tanis and T. Thomas Kangur, Jr., Winston–Salem, NC, for plaintiff.

U.S. Atty., Greensboro, NC, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

Plaintiff, Food City, Inc. ("Food City"), brought this action pursuant to 7 U.S.C. § 2023 seeking judicial review of a decision by the Food and Nutrition Service of the United States Department of Agriculture ("FNS") permanently disqualifying Food City from participation in the federal food stamp program. Currently before the Court is Food City's motion pursuant to 7 U.S.C. § 2023(a) for an order granting an interim stay of this administrative action pending judicial review of the FNS's decision. For reasons discussed below, Food City's motion for an interim stay is DENIED.

### I.

Food City is a retail food store located in Winston–Salem, North Carolina. In April 1992, Food City was authorized by the federal government to participate in the food stamp program. In April 1994, the FNS conducted an investigation of Food City to determine whether it was complying with the food stamp program regulations. As a result of that investigation, the FNS charged Food City as an illegal redeemer and trafficker of food stamps. On July 28, 1994, Food City, through counsel, replied to and denied these charges. On October 18, 1994, the FNS's Raleigh Office issued a notice of determination which permanently disqualified Food City from participating in the food stamp program. On October 28, 1994, Food City requested administrative review of the FNS's notice of determination. By letter dated January 12, 1995, the Administrative Review Branch of the FNS, through its officer Wayne Alexander, upheld the notice of deter-

mination. On February 17, 1995, Food City filed a complaint seeking judicial review of the Administrative Review Branch's decision. Food City also filed a motion for a stay seeking to enjoin enforcement of this administrative action pending judicial review. On March 8, 1995, Food City requested an expedited ruling on its motion for a stay.

## II.

7 U.S.C. § 2023(a) provides in relevant part that:

> During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

■ It is well settled that in order to obtain a stay of the disqualification pending *de novo* judicial review, a plaintiff must show (1) irreparable injury if the stay is not granted and (2) a likelihood of prevailing on the merits. *See Khalik v. U.S. Dep't. of Agriculture,* 1994 WL 548213 at *1 (N.D.Ill. Oct. 5, 1994); *Marlin Sales Corp. v. U.S.,* 1994 WL 90346 at *1 (D.D.C. March 9, 1994); *Holmes v. U.S.,* 815 F.Supp. 429, 430 (M.D.Ala.1993); *De La Nueces v. U.S.,* 778 F.Supp. 191, 193 (S.D.N.Y.1991); *Ibrahim v. United States,* 650 F.Supp. 163, 165 (N.D.N.Y.1987), *aff'd.,* 834 F.2d 52 (2d Cir.1987); *Turnage v. U.S.,* 639 F.Supp. 228, 231 (E.D.N.C.1986); *Barbosa v. U.S.,* 633 F.Supp. 16, 18 (E.D.Wis. 1986).[1]

■ In this case, even assuming that Food City can establish irreparable injury if the stay is not granted, it cannot establish a likelihood of prevailing on the merits. In its complaint, Food City asserts three potential reasons as to a likelihood of prevailing on the merits. First, Food City alleges that the charged violations occurred when its owner was not in the store. Complaint at ¶ 6. However, courts have held that under 7 U.S.C. § 2021(b)(3)(B), innocent owners can be subject to permanent disqualification for their employees' trafficking activities. *See Goldstein v. U.S.,* 9 F.3d 521, 524 (6th Cir. 1993); *Freedman v. U.S.,* 926 F.2d 252, 261 n. 13 (3rd Cir.1991); *U.S. v. Truong,* 860 F.Supp. 1137, 1141 (E.D.La.1994); *Holmes,* 815 F.Supp. at 431. Second, Food City alleges that when it questioned the employee named in the FNS investigation, that employee denied any involvement in the transaction alleged by the FNS to have constituted the violation. *Id.* Moreover, Food City alleges that even if any of the illegal transactions alleged by the FNS occurred, no Food City principal or employee was predisposed to participate in any such transactions. Instead, according to Food City, any participation by Plaintiff "would not have occurred absent the duplicity of the Defendant." Complaint at ¶ 8. Such allegations amount to general denials and, without more, are simply insufficient to establish a likelihood of prevailing on the merits.

■ Third, Food City alleges that the FNS's procedure in disqualifying it from participating in the food stamp program violates procedural due process. Due process requires that an individual cannot be deprived of property without constitutionally adequate procedures. *See Cleveland Board of Educ. v. Loudermill,* 470 U.S. 532, 538–42, 105 S.Ct. 1487, 1491–93, 84 L.Ed.2d 494 (1985). To prevail on its procedural due process claim, Food City must show (1) that it possesses a property interest in continued participation in the food stamp program and (2) it received inadequate process. *See Holmes,* 815 F.Supp. at 431; *Ibrahim,* 650 F.Supp. at 166; *Turnage,* 639 F.Supp. at 232–34. Several

---

**1.** Food City cites *Factor v. U.S.,* 556 F.Supp. 567 (D.Mass.1983) for the proposition that 7 U.S.C. § 2023(a) requires only a showing of irreparable injury for a stay of the administrative action. However, two years after *Factor* was decided, Congress amended 7 U.S.C. § 2023(a) to add the "likelihood of prevailing on the merits" require-ment. 7 U.S.C. § 2023(a) (1994); *see also De La Nueces,* 778 F.Supp. at 194; *see also Ibrahim,* 650 F.Supp. at 165 n. 1. Since this amendment, courts have been unanimous in finding that both irreparable injury and a likelihood of prevailing on the merits are required for a stay of an administrative action under 7 U.S.C. § 2023(a).

courts, including the Fourth Circuit, have determined that retailers have a property interest in continued participation in the federal food stamp program. *See Cross v. U.S.*, 512 F.2d 1212, 1217 (4th Cir.1975); *Ibrahim*, 650 F.Supp. at 166–67; *Turnage*, 639 F.Supp. at 232. However, even assuming that a property interest exists, Food City must still show that it received inadequate process.

■ The administrative decision to disqualify Food City would take effect before a *de novo* trial if this Court does not grant a stay. Because a trial *de novo* satisfies due process, *see Haskell v. U.S.*, 930 F.2d 816, 819–20 (10th Cir.1991); *Ibrahim v. U.S.*, 834 F.2d 52, 54 (2nd Cir.1987); *Redmond v. U.S.*, 507 F.2d 1007, 1012 (5th Cir.1975); *Holmes v. U.S.*, 868 F.Supp. 1348, 1354 (M.D.Ala. 1994), the sole issue is the sufficiency of the process if a stay is denied and the administrative decision takes immediate effect. *See Ibrahim*, 650 F.Supp. at 167; *see also Turnage*, 639 F.Supp. at 228.

■ In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court set out three factors by which to determine whether administrative procedures are constitutionally sufficient so as to comport with due process:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335, 96 S.Ct. at 903. In *Ibrahim*, the district court applied these three factors and found that the administrative procedures under 7 U.S.C. § 2023(a) were consistent with due process. *Ibrahim*, 650 F.Supp. at 167. First, the court noted that although the individual's private interest—continuation in the food stamp program—is strong, the government's interest in reducing food stamp abuse through rapid implementation of disqualification decisions is stronger.[2] *Id.* In addition, the court noted that the risk of erroneous deprivation is "slight because, at the administrative level plaintiff receives notice of the charges, an opportunity to respond in writing or in person, and an opportunity to appeal to a review officer." *See also Turnage*, 639 F.Supp. at 232–34 (finding that an evidentiary hearing is not required before a permanent disqualification from participating in the food stamp program and that the administrative procedures under 7 U.S.C. § 2023(a) satisfy due process).

■ In this case, like in *Ibrahim*, while Food City's interest of continuing in the food stamp program is strong, the government's interest in reducing food stamp abuse through rapid implementation of disqualification decisions is stronger.[3] Also, the risk of erroneous deprivation is small. Food City received notice of the impending disqualification through the formal charge sent to them by the FNS. Food City was given an opportunity to be heard on this charge which it exercised by replying to it and denying any

2. The *Ibrahim* court noted that Congress' amendment of 7 U.S.C. § 2023(a) adding the "likelihood of prevailing on the merits" requirement, *see supra* footnote 1, was an indication that it wanted faster implementation of disqualifications. *See Ibrahim*, 650 F.Supp. at 165 n. 1; *see also* S.Rep. No. 145, 99th Cong., 1st Sess., at 267, *reprinted in* 1986 U.S.C.C.A.N. 1933–34 (stating that requiring a plaintiff to show a likelihood of prevailing on the merits would make it "considerably more difficult for a firm to meet the proposed test than to merely show that irreparable injury would occur.... [As a result] fewer stays would be granted, resulting in more rapid implementation of disqualifications. Speedier disqualifications would more quickly eliminate abuse by violating retailers and wholesalers as well as serve as general deterrents to retailer/wholesaler abuse.").

3. As mentioned in *Mathews*, the government's interest not only includes the function involved but also "the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335, 96 S.Ct. at 903. In *Turnage*, the court noted that costs associated with requiring an evidentiary hearing prior to the disqualification from participation in the food stamp program (as opposed to the present procedure which provides no evidentiary hearing at the administrative level but does allow *de novo* judicial review) would be significant on both the government and society. *Turnage*, 639 F.Supp. at 232–33.

violation. Later, Food City received a notice of determination from the FNS which informed Food City that it was permanently disqualified from participating in the food stamp program. Food City then requested and received administrative review of the FNS's notice of determination. Food City then received a letter from the Administrative Review Branch of the FNS, through its officer Wayne Alexander, upholding the notice of determination. In addition, while Food City was not given a full evidentiary hearing at the administrative level, it has filed for *de novo* judicial review of the administrative decision. As such, the procedures for administrative and judicial review are consistent with due process. Therefore, any procedural due process argument is not persuasive in showing that Food City has a likelihood of prevailing on the merits. Accordingly, Food City's motion pursuant to 7 U.S.C. § 2023(a) for an order granting an interim stay is DENIED.

### ORDER

For the reasons discussed in the memorandum opinion filed contemporaneously herewith, IT IS ORDERED that Food City's motion for a stay of administrative action is DENIED.