915 F.Supp. 115 (1995)
Carolyn HARRISON, d/b/a Carolyn's Discount Grocery, Plaintiff,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.
No. 4:95CV497 CDP.
United States District Court, E.D. Missouri, Eastern Division.
November 22, 1995.
*116 Carolyn Harrison, Salem, MO, pro se.
Eric T. Tolen, Asst. U.S. Attorney, St. Louis, MO, for defendant.

MEMORANDUM OPINION
PERRY, District Judge.
This case arises under the Congressional Food Stamp Program, 7 U.S.C. § 2011 et seq. and is now before the Court for determination following a non-jury trial.
The issue presented by this case is whether defendant validly terminated plaintiff's authorization to participate in the Food Stamp Program. From the evidence presented, the Court concludes that plaintiff's grocery met the statutory definition of "retail food store" because the store offered for sale on a continuous basis foods in each of the four categories of staple foods specified in the statute, including perishable foods in at least two of those categories. Because plaintiff's store met that definition, its eligibility for food stamps should not have been terminated, and plaintiff is entitled to judgment in this case.
From the evidence adduced at trial the Court makes the following findings of fact and conclusions of law:

I. Findings of Fact

Plaintiff operates a small discount grocery store in a relatively small town. On September 22, 1992, plaintiff was authorized by the Department of Agriculture, Food and Nutrition Service ("FNS") to participate in their Food Stamp Program. In May of 1994, the St. Louis Field Office of the FNS requested that plaintiff submit a new application for the store, which she did on August 29, 1994. From a review of that application, defendant determined that plaintiff's store failed to stock and sell on a regular basis the types of foods for home preparation and consumption required by the Food Stamp Program, and therefore denied the reapplication. Plaintiff filed a written request for review, and following a review the agency upheld the determination of the officer in charge to withdraw the store's authorization. The agency allowed plaintiff to continue accepting food stamps pending the resolution of this lawsuit.
The evidence at trial showed that plaintiff's store has continuously sold meats, bread, fruits, vegetables, milk, noodles, cereals and other foods, from the time plaintiff began operating the store. The store also sells dry goods, including furniture. The vegetables and fruits sold are exclusively canned goods; the store does not sell fresh produce. The store sells dried beans, noodles, and cereals. It carries canned meats *117 and perishable lunch meats. Other perishable foods sold are milk and bread. For a period of a few weeks, milk delivery was halted, but that was later reinstated, and the Court finds that this short break in the sale of milk is not sufficient to change the conclusion that the above stated foods were sold on a continuous basis.
The store carries a full range and variety of these various foods. Plaintiff purchases the bulk of her supplies in lots of 300-500 "banana boxes" from the Schnuck's supermarket chain or from another food wholesaler. The banana boxes contain miscellaneous overstocked goods and do not contain items specifically requested by plaintiff. The invoices received from Schnuck's and the other supplier do not itemize the contents, and plaintiff therefore was not in a position to provide itemized invoices to the FNS or to the Court, but the Court finds her testimony credible on this point. Plaintiff did not keep an itemized list of goods purchased, since customer demand was such goods immediately went onto the store's shelves.
Plaintiff concedes that her initial reapplication was incomplete and did not meet the FNS reapplication requirements. In the reapplication, dated August 9, 1994, which plaintiff's husband filled out for her, plaintiff indicated that "bread or cereals" were the only staple foods carried by plaintiff's store and check-marked the option indicating that plaintiff's staple food sales were less than fifty percent of plaintiff's annual eligible food sales. At trial, plaintiff's husband explained that he was under the erroneous belief that the fruits, vegetables, and meats had to be fresh or frozen in order to qualify under the reapplication's relevant categories. He also testified that he erroneously completed the question that asked for the store's staple food sales as a percentage of eligible retail food sales; he mistakenly switched the total annual sales of furniture and other non-food items with the total annual sales of staple foods.
The evidence presented at trial was insufficient for the Court to determine whether plaintiff's store had over fifty percent of its total sales in staple foods.
When plaintiff filed her request for review, she enclosed copies of invoices from a supplier and from a dairy company starting October 3, 1994, and ending January 17, 1995. Her letter stated: "In our loads we receive canned meats, cereals, vegetables and fruit in the cans. We do receive all the items in the four categories if you consider them [to qualify if they are canned]." She also explained in the letter that her husband had erroneously completed the reapplication regarding the categories of staple goods which the store carried.

II. Conclusions of Law

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 7 U.S.C. 2023(a), the Congressional Food Stamp Act. The Food Stamp Act and its regulations, found at 7 C.F.R. § 279.10, provide for judicial review of a decision by the Food Stamp Review Officer. The statute provides for a "trial de novo" and states that the Court "shall determine the validity of the questioned administrative action in issue." Review de novo means that the Court should make an independent determination of the issues. United States v. First City Nat'l Bank, 386 U.S. 361, 368, 87 S.Ct. 1088, 1093, 18 L.Ed.2d 151 (1967); Ghattas v. United States, 40 F.3d 281, 286 (8th Cir.1994). Although the issue before the Court is whether the agency action was invalid, this Court need not limit itself to the administrative record in reaching its decision. See generally Sims v. United States Dep't of Agric. Food & Nutrition Serv., 860 F.2d 858, 862 (8th Cir.1988) (finding that the Food Stamp Act's de novo review requires the district court to "`... reach its own factual and legal conclusions based on the preponderance of the evidence, and [not to] limit its consideration to matters previously appraised in the administrative proceedings.'") (citing Ibrahim v. United States, 834 F.2d 52, 53-54 (2nd Cir.1987)); See also TRM, Inc. v. United States, Dep't of Agric., 52 F.3d 941, 944 (11th Cir.1995) (holding that the court need not decide "whether the administrative review process alone sufficiently safeguarded" plaintiff's right in a trial de novo pursuant to 7 U.S.C. § 2023(a)); Della Valle v. United States Dep't of Agric., 626 F.Supp. 388, 391 (D.R.I.1986).
*118 7 U.S.C. § 2012(k)(1)(A), read in conjunction with 7 U.S.C. § 2012(u)(1), defines "retail food store" as an establishment which offers for sale on a continuous basis "staple foods" falling into each of the following categories: Meat, poultry, or fish; bread or cereals; vegetables or fruits; and dairy products. The store must sell perishable foods in at least two of those categories. Alternatively, "retail food store" is defined as any establishment having "over 50 percent of the total sales of the establishment ... in staple foods...." Id. at § 2012(k)(1)(B). Whether a particular store satisfies these requirements is to be "determined by visual inspection, sales records, purchase records, counting of stock-keeping units, or other inventory or accounting record-keeping methods that are customary or reasonable in the retail food industry." Id. Only "retail food stores" and "wholesale food concerns" are eligible to apply for the program. See 7 U.S.C. § 2018.
From the evidence presented, the Court concludes that the plaintiff's store meets the first definition of "retail food store", contained in 7 U.S.C. § 2012(k)(1)(A), because she offered for sale on a continuous basis foods in each of the four staple food categories listed, including perishable food in at least two categories. Plaintiff did not sustain her burden of showing that she met the second alternative definition of "retail food store", contained in 7 U.S.C. § 2012(k)(1)(B), because she did not show that staple goods made up more than fifty percent of her total sales.
Although plaintiff's initial application was admittedly deficient, her letter request for review demonstrated that she met the statutory definition. While it may have been preferable for plaintiff to supply defendant with itemized invoices detailing the categories of staple foods purchased, her failure to do so is not dispositive in this case. 7 U.S.C. § 2012(k)(1) allows the applicant to determine her conformity with the FNS requirements by "visual inspection[s] [of the store's stock] ... or other inventory or accounting record-keeping methods that are customary or reasonable in the retail food industry." The evidence and testimony presented by plaintiff and her husband is sufficient to meet this standard.
Even if the Court's review were limited to the administrative record, the evidence shows that defendant erroneously denied plaintiff's application for participation in the food stamp program. Defendant should have construed plaintiff's January 17 letter as evidencing that she had performed a visual inspection of her stock, had determined her compliance with the Food Stamp Act's requirements, and therefore qualified to remain in the program. As noted above, however, 7 U.S.C. § 2023(a) explicitly allows this Court to go beyond the administrative record in reviewing FNS decisions. See generally Sims, 860 F.2d at 862; TRM, Inc., 52 F.3d at 944.
Plaintiff has met her burden of showing by a preponderance of the evidence that she qualifies under the statute, and she is entitled to be reinstated to the program.